CHENYWORTH v. DAILY.

A. mortgaged goods to B. (while the R. S. 1843 were in force) which, after the delivery of the mortgage, were levied upon by execution as the property of A. There was a stipulation in the mortgage that until condition broken, A. should retain possession of the property. The condition having been broken during the continuance of the levy, B. brought his action against the

sheriff (more than ten days after the execution of the mortgage) to try the right of property. *Held*, that it was incumbent upon *B.* to show that the mortgage had been recorded within ten days after the execution thereof.

APPEAL from the *Allen* Circuit Court.

Monday,
December 17.

DAVISON, J.—This was a trial of the right of property. *Daily*, the appellee, was the claimant. An execution had issued in favor of *Chenyworth*, the appellant, against the goods and chattels of one *Crabbs*, which was levied on the property in question. Upon the trial, the claimant produced a mortgage on the goods, &c., levied on, given to him by *Crabbs* before the execution on which they had been seized was issued. The mortgage recites that *Daily*, at the time it was executed, had become replevin bail for *Crabbs*, on a judgment against him in the *Noble* Circuit Court; that if *Crabbs* should pay the judgment and keep him, *Daily*, harmless, &c., the deed was to be void; and that until forfeiture of the condition of the mortgage, *Crabbs* was to retain possession of the mortgaged property; but should the same, or any part of it, be attached, at any time before the performance of said condition, then *Daily* might take possession of the property to his own use and disposal. It was proved that the sheriff, when he made the levy, took a description of the property from a record in the recorder's office, and that *Daily*, as such replevin bail, had, since the commencement of this suit, paid the judgment against *Crabbs;* that the property in contest was worth 200 dollars, which was about the amount paid by *Daily* on his recognizance of replevin bail.

The record contains all the evidence. The Court tried the cause and found for the claimant. New trial refused, and judgment, &c. It was not proved that the mortgage was recorded in the recorder's office within the time prescribed by law, viz., within ten days after it was given. Hence, it is contended that the evidence does not sustain the finding of the Court.

An act in force when this property was mortgaged, contains the following provision: "No assignment of goods and chattels by way of mortgage, shall be valid against

Nov. Term,
1855.

any other person than the parties thereto, where the possession of such goods," &c., "is not delivered to the mortgagee and retained by him, unless such assignment shall be proved or acknowledged as provided in cases of deeds of conveyance, and recorded in the recorder's office of the county where the mortgagor resides, within ten days after the execution thereof." R. S. 1843, c. 33, s. 10. This enactment is clear, direct and positive. It admits of but one construction. Between the parties to this suit, the mortgage under consideration, unless recorded within the time limited, had no validity. And the record having furnished no evidence in relation to that point, we are not authorized to presume that it was proved on the trial. As the case stands, the mortgage must be considered a nullity; and the claimant having rested his title to the property upon that instrument, was not entitled to recover. It was not sufficient for him to prove merely that the mortgage was recorded; but, in addition, he was bound to show, that in accordance with the statute, such recording took place within ten days after its execution.

We think a new trial should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. W. Carson*, for the appellant.