## SIDENER, SHERIFF, ET AL. *v.* BIBLE.

VENDOR AND PURCHASER.—*Incumbrance.—Indemnity.—Chattel Mortgage.—* A vendee of encumbered land, for which he paid full price, took from his vendor a mortgage on chattels to indemnify against such incumbrance. The mortgage was in the form prescribed by statute for a mortgage of real estate, and contained this clause : " The above property vests in mortgagee when mortgagor attempts defraud." The mortgagor resided in Tippecanoe county, and the chattels were in Montgomery county, and the mortgage was recorded in Montgomery county.. The mortgagor attempted to defraud the mortgagee, and he learning the fact, although the incumbrance on the land was not due, and as to it there was no default, seized and took possession of the mortgaged chattels. After he had so come into possession, a third party recovered a judgment against the mortgagor, and an execution was issued, and by direction of the mortgagor the sheriff levied upon the mortgaged chattels in the possession of the mortgagee. The incumbrance indemnified against was still not due, and as to it there was no default when the execution was levied;

*Held*, that the chattel mortgage, in the form prescribed by statute for a mortgage of real estate, was a valid mortgage and sufficient in respect to its form to vest in the mortgagee an interest in the property according to the apparent intent of the parties.

*Held*, also, that by the language, " the above property vests in mortgagee when mortgagor attempts defraud," it was intended that the mortgagee should have the right to the possession of the property in the event that the mortgagor attempted to defraud him by some act having a tendency to defeat the mortgage security.

*Held*, also, that the failure to record the mortgage in the county in which the mortgagor resided rendered such mortgage void as to all persons other than the parties thereto, whether such persons had or had not acquired a lien upon the property.     ⟍

Sidener, Sheriff, *et al. v.* Bible.

*Held,* also, that the execution plaintiff not having been a party to the mortgage, it was void as to him, and the mortgaged property was subject to his execution.

*Held,* also, that the incumbrance on the land not being due when the mortgagee took possession or when the 'execution was levied, he had not become the absolute owner of the property; and as he had no claim except by virtue of the mortgage, if that was invalid for want of legal registration, he had no legal or valid claim to the property as against creditors of the mortgagor.

CHATTEL MORTGAGE.—*Equity of Redemption.*—The question whether the mortgagor of chattels, after forfeiture, has an equity of redemption or not, was discussed, but not decided.

From the Montgomery Common Pleas.

*R. C. Gregory,* for appellants.

*J. M. Cowan* and *T. Patterson,* for appellee.

DOWNEY, C. J.—This action was brought by the appellee against the appellants, to recover certain personal property. There was a demurrer to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant excepted. Final judgment was rendered for the plaintiff. The ruling of the court on the demurrer to the complaint is the error assigned.

William H. Allen purchased of Alexander P. Bible a certain tract of land in Tippecanoe county, for which he gave to Bible his promissory note, secured by mortgage upon the land, for the sum of seven hundred dollars, due March 1st, 1873. Afterward, William M. Bible, the appellee, purchased this tract of land from said Allen, paying him the full price, and took from Allen a chattel mortgage on the property in question to indemify him in the event that Allen failed to pay the mortgage on the land. So much of this mortgage as it is material to notice is as follows:

"This indenture witnesseth, that William H. Allen, of Tippecanoe county, in the State of Indiana, mortgages and warrants to Richard M. Bible, of Montgomery county, in the State of Indiana, the following chattel property in Montgomery county, in the State of Indiana: Three bay

mares, two five and one nine years old; two bay horses, one twelve and one eight years old; one brown mare, seven years old; two mules, one bay, one iron gray, four years old; two double corn plows, Pierce's make, Attica; six string plows, made at the Lafayette plow works. *The above property vests in mortgagee when mortgagor attempts defraud:* Also, a lease," etc. The mortgage is dated September 21st, 1871, was acknowledged before and certified by a justice of the peace of Montgomery county, on the same day, and recorded in the office of the recorder of that county on the 29th day of September, 1871. It is conceded that the mortgage was not recorded according to the statute on the subject of recording chattel mortgages, as the residence of the mortgagor was in Tippecanoe county, and the mortgage was recorded in Montgomery county.

It is alleged in the complaint, that on or about the first day of November, 1871, and for a long time previous thereto, and at divers times subsequent thereto, the mortgagor, William H. Allen, had attempted to defraud the plaintiff, by disposing of his property subject to execution and by attempting to dispose of the mortgaged property, without the knowledge of the plaintiff, and by making preparations secretly to leave the State, and to take with him the mortgaged property, intending to permit the land purchased as aforesaid to be sold to pay the said indebtedness for the purchase-money, and to defraud the plaintiff of the indemnity secured to him by the said chattel mortgage. It is also alleged that the plaintiff, learning said facts, did, on the 10th day of November, 1871, as he might well do by the terms of said mortgage, seize and take into his possession and from the possession of said Allen the personal property described in the mortgage, and that on the 5th day of December, 1871, the defendant, Sidener, sheriff, etc., under the direction of Allen, levied upon and took into his possession the said mortgaged property, by virtue of an execution then held by him in favor of George H.

Sidener, Sheriff, *et al. v.* Bible.

Allen against the said William H. Allen. A certified copy of the execution and the judgment on which the same was issued is filed and made part of the complaint, by which it appears that the judgment was rendered and the execution issued subsequent to the time when the plaintiff took possession of the mortgaged property. The facts were set out thus fully in the complaint, that the questions of law involved might be presented on demurrer thereto.

The parties adopted in this case the form prescribed by statute for a mortgage of real estate. 1 G. & H. 260, sec. 15. That form is not by statute made applicable to mortgages of chattels. Still, we think we must regard it as a valid mortgage of the chattels in question, so far as its form is concerned. It is sufficient in respect to its form to vest in the mortgagee an interest in the property according to the apparent intent of the parties. There is some uncertainty as to the meaning to be attached to the clause in italics, by which the property was to vest in the mortgagee when the mortgagor attempted to defraud. But looking at the whole instrument and the attending circumstances, we come to the conclusion that by this clause it was intended that the mortgagee should have the right to the possession of the property in the event that the mortgagor attempted to defraud him by some act having a tendency to defeat the mortgage security. We cannot think that the parties used the word "vest" in its technical sense—the sense in which it means the right merely to the enjoyment of the property present or future. The right vested by the execution of the instrument, so far as it is a security for the payment of the debt in question. The parties evidently intended that the possession of the property should remain with the mortgagor until the happening of the contingency mentioned, or until default in the payment of the debt.

We hold that the allegations in the complaint with reference to the attempt of the mortgagor to defraud the

mortgagee are sufficient to justify the mortgagee in taking possession of the mortgaged property.

The mortgage was not legally recorded, as may be seen by referring to the statute on the subject, which provides, that " no assignment of goods by way of mortgage shall be valid against any other person than the parties thereto, where such goods are not delivered to the mortgagee or assignee and retained by him, unless such assignment or mortgage shall be acknowledged, as provided in case of deeds of conveyance, and recorded in the recorder's office of the county where the mortgagor resides within ten days after the execution thereof."

The effect of failing to record the mortgage as required by the statute quoted was to render the mortgage invalid against any other person than the parties thereto. The execution plaintiff, George W. Allen, was not a party to the mortgage, and consequently the mortgage was void as to him. But it is insisted by the appellee that the fact that the mortgage was not recorded as required by the statute is immaterial, inasmuch as the mortgagee got possession of the property in consequence of the attempt to defraud before the rendition of the judgment and the issuing of the execution, levy, etc., of the appellant George W. Allen.

It is claimed that the mere existence of creditors, if they have acquired no lien upon the property, does not prevent the owner from making a *bona fide* conveyance of it, and that the mortgage in this case being valid between the parties, and the mortgagee having obtained possession of the mortgaged property under the mortgage, before appellant acquired any lien thereon, it can make no difference whether the mortgage was ever recorded or not.

The statute requiring mortgages of chattels to be recorded within a fixed time, in the county of the residence of the mortgagor, does not apply to controversies relating to the priority of liens merely. The statute renders the mortgage void, when not properly recorded, as to all persons other than the parties thereto, whether such persons have or have

Sidener, Sheriff, *et al. v.* Bible.

not acquired a lien upon the property. Such is plainly the language and meaning of the statute.

It has been made a question whether the mortgagor of chattels after forfeiture has any equity of redemption or not. In this State it seems to have been held that the mortgagee of chattels may maintain an action to foreclose the equity of redemption of the mortgagor. *Woodward* v. *Wilcox*, 27 Ind. *207; Trittipo* v. *Edwards*, 35 Ind. 467. If there is an equity of redemption which may be foreclosed, it would seem to follow that there is an equity of redemption, by virtue of which the mortgagor may redeem. But this question is not so presented here as to make it necessary for us to decide it. The mortgage debt in this case was not due, when the mortgagee took possession of the mortgaged property, nor when the execution was levied upon the property. It cannot be held that the mortgagee had become the absolute owner of the mortgaged property, even supposing that there is no such thing as an equity of redemption in the mortgagor after forfeiture. The mortgagee was in possession of the property in consequence of the violation of the stipulation in the mortgage entitling him to such possession upon any attempt to defraud him by the mortgagor, and not in consequence of the maturing of the debt and a failure to to pay it. At most, supposing the mortgage to have been in all respects valid, he had no right to claim the property as his absolutely. He held it only as he would have held it if the mortgage had entitled him to the possession and the same had been delivered to him at the time of the execution of the mortgage, awaiting the maturity of the mortgage debt, when he would have been vested with the ownership or entitled to foreclose the mortgage in some mode known to the law. When the sheriff levied upon the property and the appellee set up his claim to it, he could claim by the force of the mortgage only. He had no other claim to it than by virtue of the mortgage. If that was invalid for want of legal registration, then the appellee had no legal and valid claim to the property. That the mortgage was

invalid as to creditors from and after the expiration of the ten days from the date of its execution we have no doubt. If the mortgage is not recorded as required, then, to make the mortgage valid, as against any other person than the parties to it, the property must be delivered by the mortgagor or assignor to the mortgagee or assignee at the time of the execution of the mortgage, and it must be retained by him.

If we are right in this position, then the question as to the right of a sheriff to take possession of mortgaged chattels, for the purpose of selling the equity of redemption, does not arise, for there would be no valid mortgage, no equity of redemption, so far as creditors are concerned, and consequently a perfect right in the sheriff to take possession of the property and sell it in this as in any case where there was no incumbrance on the property.

The judgment is reversed, with costs; and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings.