No. 9834.

### GRANGER *v.* ADAMS ET AL.

CHATTEL MORTGAGE.— *Where to be Recorded.*—It is essential to the validity of a chattel mortgage as against creditors, that it should be recorded in each of the counties where the mortgagors severally reside.

SAME.— *Mortgage Executed by Partners.*—A chattel mortgage executed by partners must, as against creditors, be recorded in all the counties wherein the partners reside, and it is not sufficient to record it in the county where one partner resides and the firm does business.

From the Superior Court of Marion county.

*J. C. Denny* and *W. L. Granger,* for appellant.

*J. L. McMaster* and *A. Boice,* for appellees.

ELLIOTT, J.—The question which this record presents is this: Is a mortgage on partnership personal property executed by one partner in behalf of the firm, recorded in the county where the property is situated and the business of the partnership conducted, and where the partner executing it resides, but not recorded in the county where the other members of the firm reside, valid as against creditors?

It is settled that a mortgage of goods, where possession is retained by the mortgagor, is not valid as against creditors unless executed and recorded in strict accordance with the statute. The common law did not recognize the validity of such instruments against creditors, and the cases are well agreed that one who asserts a right under such an instrument paramount to the claims of creditors, must show that all has been done that the statute requires. At common law, possession was essential to the validity of the mortgage as against creditors of the mortgagors. Registration is made by law the substitute for possession, and, in order that registration shall have this effect, it must be such as the statute prescribes.

Our statute provides that "No assignment of goods, by way of mortgage, shall be valid against any other person than the parties thereto, where such goods are not delivered to the mortgagee or assignee and retained by him, unless such assignment or mortgage shall be acknowledged, as provided in case of deeds of conveyance, and recorded in the recorder's office of the county where the mortgagor resides, within ten days after the execution thereof." R. S. 1881, sec. 4913. This provision makes it essential to the validity of a chattel mortgage executed by two or more persons, residents of different counties, that it should be recorded in each of the several counties. DeCourcey v. Collins, 21 N. J. Eq. 357; Rich v. Roberts, 48 Maine, 548.

The fact that the mortgage is executed by a partnership composed of several members does not change the rule. All the partners are mortgagors, and, as the firm can have no place of residence, the residence of the mortgagors must be that of the individuals composing the partnership. In ordinary

legal proceedings, the partnership is reached through the individual partners. If an action is brought against partners, process must be served upon each member of the firm; if actions are instituted, it must be in the name of all the members. The act of the partnership is the act of all the partners, the firm representing them in the act. *Dickson* v. *Indianapolis, etc., Co.*, 63 Ind. 9 ; *Crosby* v. *Jeroloman*, 37 Ind. 264. It seems clear upon principle that a mortgage of goods executed by a partnership must be recorded in the counties where the partners reside, and so the authorities declare. *Stewart* v. *Platt*, 101 U. S. 731 ; *Kane* v. *Rice*, 10 N. B. Reg. 469 ; *DeCourcey* v. *Collins, supra;* Herman Chat. Mortg., p. 162 ; Jones Chat. Mortg., section 257. In the case of *Hubbardston, etc., Co.* v. *Covert*, 35 Mich. 254, a somewhat different doctrine is laid down, but that case is very essentially restricted by the later case of *Briggs* v. *Leitelt*, 41 Mich. 79, wherein it is declared that the former decision does not apply to cases where all the partners are residents of the State.

Judgment affirmed.

Petition for a rehearing overruled.