Briggs v. Fleming et al.

No. 13,043.

BRIGGS v. FLEMING ET AL.

CHATTEL MORTGAGE.—*Date of Execution.*—*Exhibit Controls Averments in Complaint.*—The date of execution stated in a chattel mortgage, which is filed as an exhibit with a complaint to foreclose it, controls the averments in the pleading.

SAME.—*Recording.*—*Good Faith Purchasers.*—A chattel mortgage which is not recorded within ten days after its execution is not effective against purchasers in good faith of the mortgaged property.

SAME.—*Presumption as to Execution and Delivery.*—The presumption is, in the absence of any showing to the contrary, that a mortgage was fully executed and delivered at its date.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe*, for appellant.

*J. W. Sutton* and *W. L. Radbourn*, for appellees.

ELLIOTT, J.—The second paragraph of the answer of the appellees is bad, and, if the complaint is good, the judgment must be reversed. If, however, the complaint is bad, a bad answer is good enough for it.

The complaint seeks to foreclose a chattel mortgage, and avers that the mortgaged property was bought by the appellees. As there is no imputation of fraud, it must be presumed that they were purchasers in good faith. If they were purchasers in good faith, the mortgage can not be effective against them unless it appears that it was recorded within ten days after its execution.

It is averred in the body of the complaint that it was executed on the 30th day of July, 1884, and recorded on the 1st day of August of that year. The copy of the mortgage filed as an exhibit shows, however, that it was executed and acknowledged on the 8th day of July, 1884.

Accepting the date given in the exhibit as the true one, the mortgage was not recorded within ten days, and the complaint is clearly bad. The date stated in the exhibit must

be regarded as correct. It is well settled that the statements in the exhibit, when it is properly a part of the pleading, control the averments. *Mercer* v. *Hebert,* 41 Ind. 459; *Stafford* v. *Davidson,* 47 Ind. 319; *Crandall* v. *First Nat'l Bank,* 61 Ind. 349; *Bayless* v. *Glenn,* 72 Ind. 5, and cases cited; *Cress* v. *Hook,* 73 Ind. 177; *Watson, etc., Co.* v. *Custeel,* 73 Ind. 296.

Doubtless a mistake in the date may be shown, or it may be shown that the instrument was not delivered on the day it bears date; but there is here no attempt, directly or indirectly, to show either of these things. Where a mortgage is dated, the presumption is that it was fully executed and delivered at its date. *Foster* v. *Perkins,* 42 Maine, 168. It was incumbent on the plaintiff to remove, if he could, this presumption; and as he has not done so, it must stand against him as a *prima facie* case. *Bates* v. *Pricket,* 5 Ind. 22 (61 Am. Dec. 73); *Adams* v. *Slate,* 87 Ind. 573; *Louisville, etc., R. W. Co.* v. *Thompson,* 107 Ind. 442 (446).

Judgment affirmed.

Filed Nov. 19, 1887.