## PARTNERSHIP CHATTEL MORTGAGE.     594

[Hamilton Circuit Court, November Term, 1888.]

Smith, Swing and Cox, JJ.

## THOMAS G. SMITH, ADM'R v. WILLIAM B. BURNETT.

1. MUST BE FILED WHERE RESIDENT PARTNER LIVES.

A chattel mortgage, made by a partnership in the firm name, one member of which resides out of the state and another resides in the state, must be filed with the clerk of the township in which the resident partner lives in order to be valid against creditors of the mortgagor, etc., under sec. 4150, Rev. Stat.

2. PLACE OF BUSINESS DOES NOT CONTROL UNLESS HOME OF RESIDENT PARTNER.

It is not sufficient under sec. 4151, to deposit it with the clerk of the township where the business of the partnership is carried on, unless that township also be the place of residence of the resident partner.

ERROR to Circuit Court of Hamilton county.

Cox, J.

Plaintiff in error seeks to reverse a judgment rendered against him in the court of common pleas.

Joseph T. Harrison, for plaintiff in error, cites:

Aultman v. Guy, 41 O. S., 598; 48 Me., 548; 49 Me., 566; 90 Ind., 87; 21 N. J. Eq., 357; 10 National Bank'cy Rep., 469; 35 Mich., 79; Jones on Chattel Mortgage, 258; 101 U. S. Rep., 71.

Willis M. Kemper, for defendant in error, cites:

Aultman v. Guy, 41 O. S., 598; 90 Ind., 87; 101 U. S. Rep., 71; 9 Bankruptcy Rep., 527; 35 Mich., 259.

There is no dispute as to the facts of the case, which are as follows:

Plaintiff, as administrator of the estate of Miles Greenwood, on the 7th day of September, 1886, recovered a judgment before a magistrate in Cincinnati, for the sum of $254.48 with interest and costs, against W. C. Gholson and B. F. Gholson, partners, and doing business as The Gholson Fencing Company, and on the 16th day of September levied on certain property of said firm, which was on the 18th day of September replevied from him by the sheriff of Hamilton county, in a suit instituted by William B. Burnett, who claimed the property by virtue of a chattel mortgage, executed and delivered to him on the 15th day of September, 1886, for $511.25, and deposited with the recorder of Hamilton county, Ohio, on the same day.

It is admitted that at the time of the levy and mortgage, one of the defendants resided in the state of Texas, and the other in Millcreek township, Hamilton

county, Ohio; that the recorder's office of said county was in Cincinnati township, and that the place of business of said firm was in Cincinnati township.

The only point of contention is in regard to the proper place for filing the mortgage—plaintiff in error claiming that it should have been filed in the township where one of the partners resided, and not having been so filed, that it is void as against his execution and levy; and defendant claiming that as the place of business of defendants, a firm, was in Cincinnati township, the mortgage was properly filed, and had priority over the levy.

Section 4150, Rev. Stat., provides that "a chattel mortgage unaccompanied with possession, shall be absolutely void against creditors of the mortgagors—unless the mortgage, or a true copy, be forthwith deposited as directed in sec. 4151; which direction is as follows: "The instrument shall be deposited with the clerk of the township where the mortgagor resides at the time of the execution thereof, if a resident of the state, and if not such resident, then with the clerk of the township in which the property so mortgaged is situated at the time of the execution of the instrument; but when the mortgagor is a resident of a township in which the office of county recorder is kept, or when he is a non-resident of the state, and the property is within such township, the mortgage shall be filed with the county recorder."

On the part of the defendant it is claimed that the firm is the mortgagor, and its place of business is the place where it resided at the time of making the mortgage; that it is not the mortgage of any individual member of the firm, nor of them jointly, but that of the firm as an entirety, and therefore its deposit with the recorder in the township where the property was situated and the business was carried on, was within the provision of the statute. And this view is urged because it is said that statute, sec. 5042, provides that when a "partnership is sued by its company name," service shall be made on it at its usual place of business.

But this is by virtue of the special statute as to service.

There is no such provision as to the filing of a mortgage. Although made in the name of the partnership, it is the individual act of each member, and when the statute so specifically provides for the filing in the township where a party resides who is a resident of the state, we think it should be followed. The court below having held that it was not necessary to file the mortgage in the township where the resident of this state lived, the judgment will be reversed.