No. 17,635.

## STENGEL ET AL. *v.* BOYCE.

PLEADING.—*Complaint.—Foreclosure of Chattel Mortgage.—Record of Mortgage.*—A complaint to foreclose a chattel mortgage set out therein, and purporting to have been executed by a mortgagor residing in a certain county, insufficiently shows a compliance with the statute requiring such mortgages to be recorded in the county where the mortgagor resides, by alleging that it was recorded in a certain other county "where said property was and is now situated, and where defendant lived, or where the mortgagor mentioned by name then resided."

SAME.—*Complaint.*—*Foreclosure of Chattel Mortgage.*—*Recording Mortgage.*—The allegation in a complaint to foreclose a chattel mortgage, that one of the defendants asserting a senior lien acquired it with knowledge of the mortgage, is of no force to take the case out of the rule requiring strict compliance with the statutory provisions as to recording.

From the Carroll Circuit Court.

*J. H. Gould* and *L. D. Boyd,* for appellants.

*Pollard & Pollard,* for appellee.

HACKNEY, C. J.—The appellee instituted this suit in two paragraphs of complaint, alleging in each the execution to him, by William B. Strong, of four promissory notes for $1,050.00 each, and a chattel mortgage to secure the same. Copies of the notes and mortgage are set out at full length in the body, and as part of the allegations of each paragraph of complaint, the notes bearing date of December 21, 1893, and the mortgage, December 22, 1893. The action is entitled "Edmund C. Boyce *v.* Charles L. Brough, Admr., William B. Strong, George W. Stengel, Joseph L. Barnard, sheriff of Carroll county."

The allegations of the first paragraph of the complaint are against William B. Strong on the notes and mortgage, George W. Stengel, alleged to assert a senior lien but which was in fact junior in time, and consisted of an invalid judgment upon which execution had issued to the said Barnard, sheriff, who would sell the property thereunder immediately unless restrained. The mortgage, upon its face, purports to have been executed by "William B. Strong, of Marion county, in the State of Indiana," and the following is the only allegation of this paragraph as to the recording of the mortgage: "And the plaintiff avers and charges that on the 30th day of December, 1893, he caused said mortgage to be recorded

in the recorder's office in the proper record in said office, in record No. 40, on page 87, in the county of Carroll, in the State of Indiana, in said county and State, where said property was and is now situated, and where defendant lived." It is alleged also that Stengel "took his claim with full notice and knowledge of the plaintiff's right and claim under said mortgage." The prayer of this paragraph is for a foreclosure of the mortgage and an injunction against Stengel and the sheriff to enjoin them from selling the property on said execution.

The second paragraph alleged nothing with reference to said judgment or execution, and contained no allegations against Barnard, but pleaded facts upon which foreclosure was sought against Strong, and alleged that Stengel was making a claim of lien upon the property, the character of which was to him, appellee, unknown, but which was junior to the mortgage and was taken "with full knowledge of the mortgage of the said plaintiff. And the plaintiff averred and charged that the mortgage thus set out  *  *  *  was duly recorded in the recorder's office, in Carroll county, in the State of Indiana, where said mortgaged property was and is situated, and was recorded in record No. 40, on page 87, of the records of Carroll county, where said Strong then lived, and said property is now situated." The relief prayed in this paragraph is that appellee's mortgage be declared senior to any claim of Stengel and be foreclosed.

Demurrers by Stengel and by Barnard were overruled to each paragraph of complaint, and exception reserved. Trial was had upon the complaint, and answers filed, and before a finding was rendered the death of William B. Strong was suggested and the submission was set aside. If the complaint was amended by inserting the name of the administrator of Strong's estate, the record does not disclose that fact, though the title of the action

in the complaint, as we have seen, contains the name of the administrator.

The case was retried, and resulted in a finding and judgment for the appellee, against Strong's estate and against the priority of appellants' lien, with an order that the temporary injunction theretofore issued be made perpetual against Stengel and the sheriff.

Motions in arrest of judgment and for a new trial were made by Stengel and Barnard, and were overruled by the court. These rulings, together with that upon demurrers of the complaint are assigned here as error.

The foundation of the appellee's cause of action was the proper existence and recording of his chattel mortgage, and the burden of pleading facts constituting a lien, in strict accordance with the statute, senior to that of the appellants' rested upon him. *Granger* v. *Adams*, 90 Ind. 87 ; *Chenyworth* v. *Daily*, 7 Ind. 284.

It is insisted, on behalf of the appellants, that this requirement as to the recording of the mortgage was not met in either paragraph of complaint. The statute requires such mortgages to be "recorded in the recorder's office of the county *where the mortgagor resides, within ten days* after the execution thereof." R. S. 1894, section 6638. In point of time the first paragraph discloses a recording within eight days. The execution appearing to have been on the 22d, and the recording on the 30th day of December, 1893. As to the second paragraph, it may be doubted if the strict requirement as to time was pleaded in the allegation that the mortgage was duly recorded, without reference to any date when so recorded. As to the objection that neither paragraph sufficiently complies with the requirement as to place of recording, it is expressly admitted by counsel for appellee "that the statute fixes the place where the mortgage shall be recorded and that place is *the*

*county where the mortgagor resided at the time of the execution of the mortgage."* This concession is the result of the statutory provision above quoted; see *Granger* v. *Adams, supra.* The mortgage embodied in each paragraph of complaint disclosed the residence of the mortgagor as in Marion county. This fact alone made a *prima facie* showing that he resided, not in Carroll county where the mortgage was recorded, but in Marion county. *Brown* v. *Corbin,* 121 Ind. 455. The allegation, independent of the face of the mortgage, in the first paragraph was that the mortgage was recorded December 30th, in Carroll county, "where defendant lived." There were three defendants, and under this allegation it could be contended with equal force, that it applied to Stengel or to Barnard. The *prima facie* showing from the mortgage as to the residence of Strong would aid the presumption that this allegation referred to the residence of one of such other defendants.

The second paragraph alleged the recording in Carroll county where Strong then resided. The ordinary rule is that the exhibit will control over an allegation in conflict therewith. *Cotton, Exx.,* v. *State, ex rel.,* 64 Ind. 573 ; *Bayless* v. *Glenn,* 72 Ind. 5 ; *Avery* v. *Dougherty,* 102 Ind. 443. The force of the allegation, however, is to disclose the place of Strong's residence at the recording of the mortgage and not at the time of its execution. This conclusion applies also to the first paragraph, if we could say that the word "defendant" there employed included or referred to Strong, the mortgagor. The allegation that Stengel acquired his lien with knowledge of the mortgage is of no force to take the case out of the rule requiring strict compliance with the statutory provisions as to recording. *Chenyworth* v. *Daily, supra; Granger* v. *Adams, supra; Kennedy*

v. *Shaw*, 38 Ind. 474 ; *Lockwood* v. *Slevin*, 26 Ind. 124 ; *Ross* v. *Menefee*, 125 Ind. 432 (439) ; *St. Joseph Hydraulic Co.* v. *Wilson*, 133 Ind. 465 ; *Scarry* v. *Bennett*, 2 Ind. App. 167.

As the allegations of the complaint were addressed to William B. Strong, and as his death was suggested after the first trial, it may be supposed that the administrator was added as a party without either amending the complaint in its formal allegations to suit the change in parties or requiring an entry of record showing that an amended complaint was filed. There being no allegations in the second paragraph with reference to the appellant Barnard, it was not sufficient as against him in any view of the pleading.

For the reasons given, both paragraphs of complaint were bad as against appellants' demurrers.

The judgment is reversed.

Filed January 31, 1896.