THE STATE, EX REL. KREBS *v.* GRIFFIN ET AL.

[No. 1,961.    Filed January 13, 1897.]

CHATTEL MORTGAGE.— *Must be Recorded in County Where Mortgagors Reside.*— Under section 6638, Burns' R. S. 1894, a chattel mortgage to be valid, as to persons not parties thereto, must be recorded in the county where the mortgagors reside, and within ten days after its execution.

SAME.—*Residence of Mortgagors.—Burden of Proof.*—Where in an action against a constable and his bondsmen it is charged that such constable levied execution on, and sold certain personal property that was covered by mortgage, the burden of proof is on the plaintiff to show that the mortgagors reside in the county where the mortgage was recorded.

SPECIAL VERDICT.— *Residence of Mortgagors.*— A special verdict which makes no finding as to the residence of the mortgagors of a chattel mortgage, except the recitals in the mortgage, a copy of which mortgage is set out in the finding, does not sufficiently find the fact of such residence, so as to bind others than the parties thereto.

From the Cass Circuit Court.    *Affirmed.*

*John C. Nelson* and *Quincy A. Myers,* for appellant.

*M. Winfield,* for appellees.

COMSTOCK, C. J.—This is an action brought in the Cass Circuit Court, in the name of the State of Indiana, for the use of Ferdinand Krebs, appellant, against Edward Griffin, a constable, and John Dunn, his bondsman, appellees. A special verdict was returned by the jury, and upon motion of appellees the court rendered judgment in their favor upon the verdict, and overruled the motion for judgment of the appellant.

Several paragraphs of answer, one of which was a general denial, were filed by appellees, but no exception is urged to the ruling of the court upon the pleadings, and the only question here presented is whether

the action of the court in rendering judgment for appellees was correct.

The facts stated in the complaint and found by the jury are in substance: That in June, 1894, and at all other dates hereinafter mentioned, appellee, Griffin, was a duly elected, qualified, and acting constable of Eel township, Cass county, Indiana, and that appellee, John Dunn, was his bondsman; that by the terms of his bond said Griffin was obligated to turn over to the proper person all moneys which might be received by him by virtue of his office; that on the 18th day of June, 1894, August Held and Edward P. Rank executed to Ferdinand Krebs a chattel mortgage to secure the payment of an indebtedness of $350.00, owing by them to him, which became due September 18, 1894; that such mortgage was duly recorded in the proper mortgage record of Cass county, Indiana, on the day of its execution: a verbatim copy of the mortgage is set out in the special verdict. The following is the language of one of its recitals: "Know all men by these presents that August Held and Edward P. Rank, of Cass county, in the State of Indiana, have bargained and sold, and do hereby bargain and sell unto Ferdinand Krebs, of Cass county, Indiana." Then follows a description of the articles of property mortgaged and a statement of the indebtedness intended to be secured. The mortgage further provided that Held and Rank should retain possession of said property until the debt secured became due, and if not paid promptly at maturity Krebs should have the right to take possession of the same, and that if the property should be levied upon by execution from any court the mortgagee should have the right to take possession of the same for his own use. The jury further found that the property mortgaged was the property of Held and Rank. That on the 25th day

of July, 1894, Held and Rank sold the mortgaged property to Herman Kammerer, subject to the lien of said mortgage, which said mortgage debt he assumed to pay; that on the 8th day of September, 1894, Francis Spry recovered a judgment before a justice of the peace of Eel township, Cass county, against Herman Kammerer for $25.00 and costs, on which an execution was issued by said justice and placed in the hands of the defendant, Griffin; that he duly levied the same upon the chattels described in the mortgage; that at the time of said levy said mortgage debt was due and unpaid; that said Griffin subsequently advertised and sold said property, but that before the sale he was notified by the appellant, Krebs, not to deliver the same to the purchaser until the amount due on the mortgage was paid, and the terms of the mortgage complied with; and that if he failed to do so said Krebs would hold him and his bondsman responsible on his bond for the value of said property, and all damages he might sustain by reason of his failing to comply with the requirements of the statutes of the State of Indiana; that said constable delivered said property so sold to the purchaser without requiring him to comply with the terms of the mortgage or to discharge the lien thereof; that Held and Rank and Kammerer since the maturity of appellant's debt have become and are still insolvent.

To entitle the appellant to a judgment below the burden rested upon him to establish a valid debt, that it was due, that the mortgage he held was valid, that the defendant, Griffin, failed in the performance of his official duty, from which failure the appellant suffered loss.

It is evident, from the brief of appellant, that the court below, in rendering judgment for appellees, held that the mortgage was invalid as to them because

there was no finding by the jury that the mortgagors were, at the time of its execution, residents of Cass county, in which county it was recorded. Section 6638, Burns' R. S. 1894 (4913, Horner's R. S. 1896), reads as follows:

"No assignment of goods, by way of mortgage, shall be valid against any other person than the parties thereto, where such goods are not delivered to the mortgagee or assignee, and retained by him, unless such assignment or mortgage shall be acknowledged, as provided in case of deeds of conveyance, and recorded in the recorder's office of the county where the mortgagor resides, within ten days after the execution thereof."

The Supreme Court of this State has many times had occasion to apply the provisions of this section, and has uniformly held that a chattel mortgage to be valid, as to persons not parties thereto, must be recorded in the county in which the mortgagors reside, and within ten days of its execution. A long list of citations is not necessary. *Sidener* v. *Bible*, 43 Ind. 230; *Lockwood* v. *Slevin*, 26 Ind. 124, are in point.

The finding of the jury that the mortgagors were residents of the county in which the mortgage was recorded was essential to make the mortgage valid against appellees. If they make no finding upon this question, it is equivalent to a finding that they were not residents of said county. Have they found that the mortgagors resided in Cass county?

If the fact of residence is found, it appears only in the recital of the mortgage, which the jury set out in their finding, and heretofore given. The statement in the mortgage of the residence of the mortgagors, while evidence of the fact, is not the inferential fact to be found. The jury found evidence of a fact, but not the fact itself.

The office of a special verdict is to find the facts essential to support the judgment,—if not found, the judgment will fall.

"A failure to find a fact in favor of a party upon whom the burden as to such fact rests, is equivalent to finding such fact against him." *Noblesville Gas, etc., Co.* v. *Loehr,* 124 Ind. 79, *vide* authority there cited.

The law requires that facts and not evidence should be found. *Tousey* v. *Lockwood,* 30 Ind. 153; *Kealing* v. *Vansickle,* 74 Ind. 529; *Locke* v. *Merchants National Bank,* 66 Ind. 353.

In *Hessong* v. *Pressley,* 86 Ind. 555, a trial before the court, and a special finding made, the court found that the sheriff made a certain return to an execution and copied such return. The Supreme Court held that there was not a finding of the facts stated in the return; that, at most, they were only evidentiary facts, without any finding by the court as to their truth, or the facts inferred therefrom. *Vide* also authorities there cited.

The jury in the case before us found that the mortgagors executed a mortgage at a certain date, which mortgage said that they were residents of Cass county, Indiana. This is not a finding of the fact which might have been inferred therefrom.

Appellant's counsel contend, that the jury having found that the mortgage was executed and recorded on the same day, and recited that the mortgagors were of Cass county, is a sufficient finding that the place of residence of Held and Rank was Cass county and in support of their position cite *Brown* v. *Corbin,* 121 Ind. 455; *Gordon* v. *Stockdale,* 89 Ind. 240.

In *Brown* v. *Corbin, supra,* the court trying the cause held that, the mortgage showing upon its face that the mortgagors resided in the county in which it had been recorded, the mortgage would be, *prima facie,* a valid

lien, and the burden of proof would rest on the person asserting its invalidity to show that it was not recorded in the county where the mortgagors resided; that is, that the court trying that cause was justified in drawing the inferential fact that the mortgagors were residents of the county where the mortgage was recorded, as the jury in this cause might have been justified, in the absence of other evidence, in finding the inferential fact of residence from the recital on the face of this mortgage.

In *Gordon* v. *Stockdale, supra,* it is held that when one plants wheat under a written contract which requires him to harvest, thresh, and deliver one-half of it to the landlord, and in express terms provides that each shall own one-half, that such facts compel the conclusion as one of law, that the tenant was the owner of half the wheat.

And in *Dutch* v. *Boyd,* 81 Ind. 146, to foreclose a mortgage and recover personal judgment, in which the principal question was whether the mortgage contained a sufficient description of the premises intended to be described, and the court held that a deed or mortgage which purports to have been executed and acknowledged between parties resident in the State, and containing nothing to indicate a contrary intention, will be presumed to be of land in the State. The court below held that the description was sufficient, and rendered judgment and decree for foreclosure, and the Supreme Court affirmed the decision.

There is nothing in either of these cases at variance with the conceded proposition, that a special verdict must find inferential, and not evidentiary, facts, nor do they modify or criticise the application and illustration of the rule in *Hessong* v. *Pressley, supra.*

There is no error.

Judgment affirmed.