Haokney, J.
The questions in this case arise upon special findings of fact and conclusions of law stated by the lower court, the substance of which findings and conclusions is as follows: In May, 1892, the appellee, Myron E. Meader, owned a set of abstract books *401 and certain office fixtures, all of which he then sold to the appellee, Wilson Roose, and took the latter’s notes for $1,800.00, secured by mortgage on said property, which mortgage was duly recorded on the day of its execution. In December, 1892, said Roose sold to the appellee, Sims, the undivided one-half of said property and of his law library, receiving the notes of Sims for $1,550.00, balance of purchase money, and taking a mortgage on the interest in said abstract books, fixtures and library so sold, to secure said notes, which mortgage was duly recorded within less than ten days from its execution.
In February, 1893, said Roose sold’ to the appellee, William M. Stuckman, then the husband of the appellant, Rose Stuckman, the remaining undivided one-half of said abstract books, fixtures and library, together with said notes and mortgage so executed by Sims, for which he paid to Roose $1,400.00, supplied by the appellant to her husband for that purpose. As a part of the purchase price for said property Stuck-man assumed the payment of said notes of Roose to Meader. To secure the appellant in the sum so advanced to him, William M. Stuckman assigned to his wife said notes and mortgage of Sims to Roose and executed to her his note for $1,400.00 secured by a chattel mortgage on his undivided half of said abstract books, fixtures and library, which mortgage was duly recorded on the day following its execution.
At the time the appellant advanced said $1,400.00 to her, husband, she had no actual knowledge of either the said notes and mortgage by Roose to Meader, or of her husband’s agreement to pay said notes and mortgage; and said Roose had no knowledge that said sum was'furnished by the appellant, or that she had any interest in it.
Upon the completion of the sale to Stuckman, he *402 and Sims formed a partnership, took possession of all of said property and remained in possession thereof until as hereinafter stated. In July, 1893, Mrs. Stuck-man paid for the use of Meader, $621.05, being the amount of the first note from Eoose to him, together with the interest accrued on the others, she-having been notified of the maturity thereof, and of the purpose to sue and foreclose said mortgage unless said sum was paid. At the October term, 1894, of the Elk-hart Circuit Court, the appellee, Meader, sued on the-notes and mortgage executed by Eoose to him and made Eoose, Sims, William M. Stuckman and this appellant defendants and alleged the agreement of said William M. Stuckman to pay said notes. Eoose and said Stuckman made default; Sims answered in general denial, and Mrs. Stuckman answered first in general denial and, second, admitting the validity of the notes sued on and claiming any surplus after the payment thereof. Upon the trial of said cause, Meader had judgment against Eoose for $1,539.75 and costs, with a foreclosure of said mortgage, and an order that the proceeds of sale be applied to the costs, then to Header’s said claim and then to the appellant’s claim. Thereafter, in October, 1894, said abstract books and fixtures were sold to satisfy said decree and were purchased by said Wilson Eoose for $1,585.51, the amount of the decree and costs, and he paid said purchase price by turning over to the sheriff $585.51 cash,and by executing to Meader two notes for $500.00 each, bearing interest and due respectively in eight and eighteen months together with a mortgage on said property securing said notes, and said Meader, with the consent of the sheriff, receipted said order of sale in full and the same was returned satisfied. Thereupon Eoose took possession of said abstract books and fixtures and retains the same.
*403 There was due appellant on said note of William M. Stuckman to her the sum of $1,575, and the sum of $l,037.50was owing to Meader from Roose on the notes executed to satisfy the purchase at sheriff’s sale. The appellee, William M. Stuckman has possession of said law library.
The conclusions of law stated were that Meader was entitled to a first lien on said abstract books and fixtures for $1,037.50, the amount of the last mentioned mortgage; that appellant should recover from William M. Stuckman $1,575.00, the foreclosure of the mortgage executed by him to her on the undivided one-half of said library and an order for the payment of the proceeds of sale,first'to the costs, second to said $1,575, and third to the $621.05 paid to Meader on the note assumed by William M. Stuckman; that she should recover from Sims $1,140, in installments according to the maturity of his notes to William M. Stuckman, and the foreclosure of the mortgage executed by Sims to Roose and assigned successively to William M. Stuckman and to the appellant; and an order of sale of the property therein described, subject to the prior mortgage of Roose to Meader first mentioned, the proceeds of such sale to be applied, first, to the costs, second, to said $621.05 paid to Meader on the note- of Roose, assumed by Stuckman, third, to any balance due from William M. Stuckman,and any over-plus to Sims. And further, it was concluded that she was-not entitled to personal judgment against Roose. The appellant 'insists that for the $621.05 paid by her upon the first mortgage of Roose to Meader, she was entitled to a personal judgment against Roose, and, upon the doctrine of subrogation, to a lien upon the abstract books and fixtures senior to the lien of the second mortgage given by Roose to Meader. We are not impressed with any reason which would, if subro *404 gation were permitted, allow the appellant precedence over the appellee, Meader, as to the remaining installments of the purchase money for the property. At most she could but claim to stand secured in said amount, upon equal terms with Meader. As to him, the payments of the first note due did not depreciate the security for the other notes, and, as we have said, no reason seems to support the proposition that the note paid by the appellant should take precedence over the other notes executed as a part of the one consideration and included within the one mortgage. If she occupied a position entitling her- to subrogation upon the payment of Meader’s credit, that right could only arise upon the payment by her of the whole debt, or at least, the balance unpaid by some principal or other collateral debtor. Zook v. Clemmer, 44 Ind. 15; Vert v. Voss, 74 Ind. 565; Rooker v. Benson, 83 Ind. 250; Morrow v. United States Mortgage Co., 96 Ind. 21, 24 Am. and Eng. Ency. of Law, pp. 200, 243, 273, and numerous authorities- cited.
The findings do not support a claim to conventional subrogation, that is, where, by the agreement of the creditor and the party making the partial payment, the amount paid is to be kept on foot for the protection of the latter. Such subrogation has recognition upon the authorities. See Morrow v. United States Mortgage Co., supra, and 24 Am. and Eng. Ency. of Law, pp. 274, 291. But subrogation in the absence of such agreement is not permitted where the debt is not fully paid.
The appellant was a creditor of her husband who assumed and agreed to pay the debt of Roose as a part of the purchase price of the property. Her claim was secured by a second mortgage on the property, which mortgage, having been duly recorded, was constructive notice of the lien created by it,and the finding that *405 she parted with her money and took the second mortgage without actual notice of the prior mortgage gives her no assistance in asserting the priority of her mortgage, and lends no strength to the demand for subrogation. When her husband assumed the payment of the notes of Roose to Meader he became primarily and . absolutely liable as the principal debtor. Birke v. Abbott, 103 Ind. 1; Hancock v. Fleming, 103 Ind. 533; 24 Am. and Eng. Ency. of Law, p. 255, and authorities there cited.
Regardless of the question of Meader’s right to pursue Roose, notwithstanding the assumption by Stuck-man, we are unable to observe how Stuckman or his wife could, in the absence of fraud, mistake or agreement to that effect, enforce any claim against Roose by reason of the payment to Meader of one or more of the notes so assumed. She occupied no better' position as against Roose than her husband occupied, and in paying the note to Meader she but discharged a debt which he was obliged to pay. No right of subrogation as against Roose or Stuckman is involved in our inquiries,and what we have said as to the absence of liability of Roose to the appellant is without reference to the doctrine of subrogation. The mortgage of Sims, assigned to the appellant, does not, so far as we observe, give any force to the claim either for the priority of appellant’s $621.05 payment over Meader’s balance or for subrogation, and since the notes and mortgage given by Sims were endorsed by Roose without recourse upon him, we see no aid from that source to claim a personal judgment against Roose. The second mortgage of Roose to Meader, that executed to secure the purchase money due under the sale to satisfy the first mortgage between the same parties, can not be held junior to the two mortgages of the appellant, executed by Stuckman and by Sims, because *406 it was executed in completing the freedom of the property from the said two mortgages. Nor can it be maintained that the suit between Header and all of the parties to this suit did not establish the precedence of his mortgage over the two held by this appellant, and there can be no doubt, we think, that the sale to Roose freed the property from the liens of said two junior mortgages.
If the lien of said first mortgage, as to the $620.05 paid by the appellant could have been kept alive for her benefit we know of no good reason, and counsel do not attempt to offer any, why the time to have asserted that right was not' in the suit by Header. Although there was no adversary proceeding as between Roose and the appellant, in that suit, there was as to the appellant’s liens against the property, and as to the property, it was adjudged that she take only the surplus after paying Meader. If she had larger rights in that behalf she should have asserted them. Losing her lien, if any, gives her no personal claim against Roose.
In no phase of the question, therefore, has she not received the just measure of her rights in this suit.
Finding no error in, the record, the judgment of the circuit court is affirmed.