## Fife *v.* Ohio Investment Company.

[No. 7,778.   Filed January 7, 1913.]

1. Chattel Mortgages.—*Priority.*—*Estoppel.*—Where the mortgagor of chattels removed the goods to another county without the consent of the mortgagee, the mere fact that the mortgagee acquiesced in the keeping of the goods in the county to which they had been removed, and made collections from the mortgagor while the property was in such county, and, on failure of the mortgagor to make a payment, suggested that he borrow the money to make such payment, and received part of the money which the mortgagor borrowed, does not estop the mortgagee from questioning the validity of a second mortgage executed for the money borrowed pursuant to such suggestion and recorded in the county to which the property had been removed.  p. 111.

2. Chattel Mortgages.—*Application of Proceeds of Second Mortgage to Payment of Debt Secured by First Mortgage.*—*Subrogation.*—Where the mortgagor of chattels removed the goods to another county without the consent of the mortgagee, and the mortgagee thereafter acquiesced in such removal and the keeping of the property in the county to which it had been removed, and, on failure of the mortgagor to make a payment, suggested that he borrow the money to make such payment, and the mortgagor thereupon borrowed $84 for which he executed a mortgage on the goods in the county to which they had been removed, and applied $33 of such borrowed money to the payment of the first debt, leaving $80 remaining unpaid, of which the sum of $51.90 was still unpaid when the holder of the second mortgage brought suit to recover the mortgaged property, such facts were insufficient to entitle the second mortgagee to subrogation under the first mortgage.  p. 111.

3. Chattel Mortgages.—*Record.*—*Failure to Record in County Where Mortgagor Resides.*—*Effect.*—The failure of the mortgagee of chattels to record the mortgage in the county where the mortgagor resided at the time of its execution, as required by §7472 Burns 1908, Acts 1897 p. 240, renders such mortgage void as against the right of possession of one holding by virtue of a prior valid mortgage.  pp. 112, 113.

4. Replevin.—*Proof Essential to Maintain Action.*—To maintain an action in replevin, the plaintiff must show that he has a right to the possession of the property he seeks to recover.  p. 113.

5. Chattel Mortgages.—*Removal of Property.*—*Consent of Mortgagee.*—*Effect.*—The removal of mortgaged chattels to another county without the consent of the mortgagee, does not invalidate

the mortgage, since §2299 Burns 1908, Acts 1905 p. 584, §406, making it a penal offense to remove mortgaged property from the county in which the mortgagor resides without the written consent of the mortgagee, in so far as it relates to the personal rights of the parties, is for the protection of the mortgagee, but does not affect the validity of the mortgage.　p. 113.

6.　CHATTEL MORTGAGES. — *Location of Property.* — *Residence of Mortgagor.*—The presence of chattels in a county other than that of the residence of the mortgagor does not warrant the assumption that the mortgagor resides in such county.　p. 113.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by the Ohio Investment Company against James R. Fife. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Antrim & McClintic* and *Blacklidge, Wolf & Barnes,* for appellant.

*Jabez T. Cox* and *Claude Y. Andrews,* for appellee.

FELT, J.—This is a suit in replevin brought originally by appellee against appellant before a justice of the peace of Peru township, Miami county, Indiana. At the trial of the case in the Miami Circuit Court a special finding of facts was made and the court stated its conclusions of law thereon in favor of appellee. A motion for a new trial was overruled, and judgment rendered on the conclusions of law. The errors relied on question the correctness of each conclusion of law and the overruling of the motion for a new trial.

The finding of facts states, in substance, that on May 9, 1908, A. A. Warnick executed to E. E. Hervert a promissory note calling for $125, and to secure the payment thereof executed a chattel mortgage on two horses, a set of harness and a moving van; that said mortgage was duly recorded on the 18th day of May, 1908, in the recorder's office of Howard county, Indiana, in which county the mortgagor resided; that said mortgagor continued to reside in said Howard county until September 17, 1908, when he moved to and became a resident of

Miami county, Indiana; that on May 17, 1908, said War-
nick removed said property from Howard county to Miami
county; that on the 17th day of July, 1908, in said Miami
county said Warnick, to secure a loan of $84, due in twelve
monthly instalments of $7 each, mortgaged to appellee said
moving van, harness and one of said horses; that said mort-
gage was duly recorded in Miami county, that on the 19th
day of October, 1909, there was due and unpaid on said
note to appellee an instalment of $7; that said mortgage pro-
vided that on default of any payment due on said note
appellee had the right to take possession of said mortgaged
property, and the same should thereupon become the abso-
lute property of appellee; that on or about June 1, 1908,
said E. E. Hervert assigned and delivered to Eikenberry
Brothers, of Howard county, said first mortgage; that ap-
pellant was the agent of said assignees, with full authority
to act for them in all matters appertaining to said note and
mortgage; that on October 19, 1908, said Warnick notified
appellee to take possession of the property covered by its
mortgage; that on said day appellant came to Miami county
and took possession of said mortgaged property, and while
the same was in his possession one Crites, as agent of ap-
pellee, before the commencement of this suit, demanded of
appellant the possession thereof, and the same was refused;
that said property was moved from Howard county to Miami
county, without the knowledge or consent of the mortgagee,
his said assignees or their said agent, but the same was by
them allowed to remain in said county without objection
until October 19, 1908, when appellant took possession there-
of from the mortgagor for and on behalf of said Eikenberry
Brothers; that on said date "there was past due and unpaid
on the promissory note" secured by said first mortgage the
sum of $51.90; that on and after September 17, 1908, ap-
pellant knew said mortgagor was a resident of Miami county,
Indiana, and that he kept said property in that county; that

the value of said property is $100; that on the 17th day of July, 1908, appellant demanded from said mortgagor a payment on the note held by said Eikenberry Brothers, and suggested that he borrow money with which to make such payment; that acting on such advice said Warnick negotiated a loan from appellee and executed to it his note for $84, secured as aforesaid, and on July 18, 1908, paid to appellant out of the money so obtained, the sum of $33; that on July 17, 1908, appellee had no knowledge that said property had been mortgaged in Howard county, as aforesaid.

On the foregoing facts the court stated its conclusions of law, to the effect that appellee was on October 19, 1908, entitled to the possession of said property, and appellant was not entitled to the possession thereof.

Appellant's first contention is that as against his right of possession, by virtue of the first mortgage, appellee had no valid claim to the property, because at the time the second mortgage was executed the mortgagor was a resident of Howard county and the mortgage was not recorded in that county, as required by the statute (Acts 1897 p. 240, §7472 Burns 1908), but was recorded in Miami county.

Appellee contends that because appellant and his principal acquiesced in the keeping of the property in Miami county and made collections from the mortgagor while the property was in the latter county, and because appellant suggested that the mortgagor borrow money with which to make a payment on said first mortgage, and actually received a part of the money so obtained from appellee, he and his principal are estopped to question the validity of the second mortgage, and appellee is entitled to be subrogated to the rights of appellant's principal under the first mortgage.

It is not shown that appellant made any representations to appellee or in any way induced it to make the loan of $84, or even knew appellee was making such loan until after it

was made. The mere suggestion that Warnick borrow the money and the fact that appellant received a part of the money after the loan was procured, is insufficient to operate as an estoppel. The finding shows that a part of the first mortgage debt had been paid before the second loan was secured, and that only $33 of the $84 borrowed from appellee was paid to appellant; that after such payment was made there remained due on the first debt about $80, and at the time the suit was begun, $51.90. These facts are insufficient to give appellee the right of subrogation under the first mortgage. Had it furnished the money to pay the whole debt secured by the first mortgage and its security failed or proved insufficient, the claim of subrogation would stand upon a better foundation. Sheldon, Subrogation (2d ed.) §§1-3; 27 Am. and Eng. Ency. Law 205; *Stuckman* v. *Roose* (1897), 147 Ind. 402, 406, 46 N. E. 680; *Heiney* v. *Lontz* (1897), 147 Ind. 417, 423, 46 N. E. 665; *Townsend* v. *Cleveland Fire Proofing Co.* (1897), 18 Ind. App. 568, 577, 47 N. E. 707.

This is not a suit between the mortgagor and the mortgagee, but is the same in its legal aspect as a suit by the mortgagee of the second mortgage against the mortgagee of the first mortgage.

Appellee's failure to record its mortgage in the county where the mortgagor resided at the time of its execution, as against appellant's right of possession based on a valid mortgage, rendered the second mortgage void.

3.

§7472 Burns 1908, Acts 1897 p. 240; *Sidener* v. *Bible* (1873), 43 Ind. 230, 234; *Granger* v. *Adams* (1883), 90 Ind. 87; *Stengel* v. *Boyce* (1896), 143 Ind. 642, 645, 42 N. E. 905; *Franklin Nat. Bank.* v. *Whitehead* (1898). 149 Ind. 560, 582, 49 N. E. 592, 39 L. R. A. 725, 63 Am. St. 302; *Morris* v. *Ellis* (1896), 16 Ind. App. 679, 683, 46 N. E. 41; *State, ex rel.,* v. *Griffin* (1897), 16 Ind. App. 555, 45 N. E. 935.

To maintain a suit in replevin the plaintiff must show that he has a right to the possession of the property he seeks to recover. *Briggs* v. *Fleming* (1887), 112 Ind. 313, 14 N. E. 86; *Ross* v. *Menefee* (1890), 125 Ind. 432, 439, 25 N. E. 545.

The fact that the mortgagor removed the property from Howard county without the consent of the mortgagee or his assignee, and the further fact that said assignee learned of such removal and acquiesced in the keeping of the property in Miami county, did not invalidate the mortgage recorded in Howard county. The statute (Acts 1905 p. 584, §406, §2299 Burns 1908) making it a penal offense to remove mortgaged property from the county in which the mortgagor resides without the written consent of the mortgagee is for the protection of the mortgagee in so far as it has any relation to the personal rights of the parties, but it in no sense invalidates the mortgage when the property is so removed.

Appellee's right to the property depended wholly on the validity of its mortgage, and since it was void as against the claim of appellant under the first mortgage, appellee had no right to the possession of the property.

The provisions of the statute are plain, and the facts found are insufficient to overcome its positive requirement that such a mortgage be recorded in the county where the mortgagor resides. The presence of property in a county other than that of the residence of the mortgagor does not warrant the assumption that the mortgagor resides in such county.

The judgment is therefore reversed, with instructions to the lower court to restate its conclusions of law in favor of appellant and to render judgment accordingly.

*Ibach, C. J., Adams, Hottel, Lairy* and *Shea, JJ.,* concur.

NOTE.—Reported in 100 N. E. 392. See, also, under (1) 6 Cyc. 1096—New Anno.; (3) 6 Cyc. 1083; (4) 34 Cyc. 1501. As to the

114    APPELLATE COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v.* Maberry—52 Ind. App. 114.

right of subrogation, see 99 Am. St. 474. As to the registration of chattel mortgages, see 21 Am. St. 282. As to the effect of the defective recording of instruments upon the rights of third persons, see 96 Am. St. 397. As to the effect on the lien of a chattel mortgage of the removal of the property from the place of record to another town or county, see 12 Ann. Cas. 947.