THE COURT,
 

 having keptthe caufe under advifement for feveral days, informed the counfel, that befídes thé queftion of jurifdidtipn as to the Diftrict Court,, another quefti.on fairly arofeupon the record,—whether any foreign nation had a right, without the pofitive ftipulations'of a treaty, to eftablifh in this country, an admiralty jurifdidfion for taking cognizance of prizes captured on the high feas, by\ its fubjedts or citizens, from its enemies ? Though this queftion had not been agitat- ; ed,.the Court deemed it of great public importance to be decided; and,meaning to decide it, they declared a defire 4o' hear it difcufléd.
 
 Du
 
 Ponceau, however, obfcrved, that the parties to the-appeal did .not conceive themfelves ¡ntérefted in
 
 *16
 
 the point; and that the French minifter had given no inftrUc-tions for arguing it. Upon which, Jay,
 
 Chief fuf ice,
 
 pro-, ceeded to deliver the following unanimous opinion.
 

 BY THE COURT;
 

 The Judges being decidedly of opinion, that every District Court in the
 
 United States,
 
 possesses all the powers of a court of Admiralty, whether considered as an instance, or as a prize court, and that the plea of the aforesaid Appellee,
 
 Pierre Arcade Johannene,
 
 to the jurisdiction of the District Court of
 
 Maryland,
 
 is insufficient: THEREFORE IT IS CONSIDERED by the Supreme Court aforesaid, and now finally decreed and adjudged by the same, that the said plea be, and the fame is hereby overruled and dismissed, and that the decree of the said District Court of Maryland, founded thereon, be, and the same is hereby revoked, reversed and annulled.
 

 And the said Supreme Court being further clearly of opinion, that the District Court of
 
 Maryland
 
 aforesaid, has jurisdiction competent to enquire, and to decide, whether, in the present case, restitution ought to be made to the claimants, or either of them, in whole or in part (that is whether such restitution can be made consistently with the laws of nations and the treaties and laws of the
 
 United
 
 States) THEREFORE IT IS ORDERED AND ADJUDGED that the said District Court of
 
 Maryland
 
 do proceed to determine upon the libel of the said
 
 Alexander S. Glass,
 
 and others, agreeably to law and right, the said plea to the jurisdiction of the said court, notwithstanding.
 

 And the laid Supreme Court being further of opinion, that no foreign power can of right institute, or erect, any court of judicature of any kind, within the jurisdiction of the
 
 United States,
 
 but such only as may be warranted by, and be in pursuance of treaties, it is therefore decreed and adjudged that the admiralty jurisdiction, which has been exercised in the
 
 United States
 
 by the Consuls of
 
 France,
 
 not being so warranted, is not of right.
 

 IT IS FURTHER ORDERED by the said Supreme Court, that this cause be, and it is hereby, remanded to the District Court, for the
 
 Maryland
 
 District, for a final decision, and that the several parties to the same do each pay their own softs.