*J. M. Hanna,* for appellants.

*S. Coulson,* for appellee.

———————•———————

34    89
133   471

## STINSON *v.* MINOR.

CHATTEL MORTGAGE.— *Vessel of United States.*— Where before a vessel has been registered or enrolled as a vessel of the United States, a mortgage is executed thereon and duly recorded according to the law of this State, it will be valid against a person purchasing such vessel, for value and without actual notice of the mortgage, after the vessel has been enrolled in the office of the surveyor of a port of delivery, although the mortgage be not recorded in said office.

APPEAL from the Vanderburgh Circuit Court.

PETTIT, C. J.—This was an action by Henry J. Minor against the appellant, Hall, Rudd, and Maghee, for the foreclosure of a chattel mortgage.

The complaint charges, that on the 7th day of December, 1862, the defendants Hall and Rudd, and D. W. Ellithorp & Co., were the owners of the steamer Curlew, then lying at the Evansville wharf; that on the same day, to secure certain notes, of which copies are filed with the complaint, said owners of said boat mortgaged the same to the plaintiff; that the mortgage, of which a copy is filed, was duly exe-

cuted and acknowledged by the mortgagors, and recorded in the recorder's office of Vanderburgh county, within ten days from the making of the same; that in a proceeding under the laws of the State of Illinois, in 1864, said steamer was, by the city marshal of the city of Cairo, in said State of Illinois, sold at said city, at public auction, to defendant Maghee, who had full knowledge of the existence of the mortgage, and that the notes were unpaid; that said steamer, afterwards, from 1865 to 1867, was, at different times, owned by defendant Stinson and others; that in 1867, the boat was sunk and wrecked; that the machinery, boilers, etc., were taken from the boat, and are now in the county of Vanderburgh, and are of the value of fifteen hundred dollars; and that defendant Stinson claims them. Prayer for judgment against Hall, Rudd, and Maghee, for the amount of the notes, etc., and for a foreclosure of the mortgage.

The mortgage set out as an exhibit purports to be signed and acknowledged by "John B. Hall & Co." and "D. W. Ellithorp & Co."

There was a suggestion of non-service and a continuance as to Maghee, and a default as to Hall and Rudd. Stinson answered in two paragraphs. In the first, he alleged, that at the time of making the mortgage in suit, the Curlew was a regular passenger packet navigating the Ohio river and its tributaries; that the same was subject to be and was regularly licensed and enrolled in the office of the collector of customs for the city of Evansville; that said mortgage was never recorded in said office, in accordance with the provisions of the statutes of the United States in such cases made and provided; that long after the making of the mortgage, defendant Maghee, being in possession of said Curlew, sold the same to defendant Stinson, one McDonald, and one Thomas, for three thousand dollars, which was the full value thereof; that at the time of said sale, neither of said purchasers had any notice of said mortgage; that subsequently, defendant Stinson bought out the interest of McDonald and Thomas in the boat, which had been wrecked, and is now

sole owner of the wreck; and that he is an innocent pur-
chaser without notice or knowledge of the mortgage. The
second paragraph of the answer is a general denial. A de-
murrer to the first paragraph of the answer was overruled,
and the plaintiff excepted.

The plaintiff replied to the first paragraph of the answer,
the general denial.

There was a trial by the court; finding for the plaintiff. A
motion for new trial, by Stinson, assigning for cause that the
finding was contrary to law, and not sustained by sufficient evi-
dence, was overruled; and judgment was rendered against Hall
and Rudd for the amount of the notes, with a decree directing
the sale of the wreck of the boat. Stinson excepted to the
overruling of the motion for a new trial and the rendition of
the decree of foreclosure, and prayed an appeal, and now
assigns for error the rulings so excepted to.

The evidence is all in the record. It consists of the mort-
gage and notes, and evidence showing, in brief, that prior to
and including the summer of 1862, the steamboat Curlew was
owned by one Semonin, and used for the carrying of freight
and passengers from Evansville, Ind., to Henderson, Ky.;
that early in the fall of 1862, she was purchased by J. B.
Hall & Co. and D. W. Ellithorp & Co.—the former firm
owning one-third, and the latter two-thirds; that immedi-
ately after the sale to these parties, she was placed upon the
ways at Evansville, for the purpose of putting a cabin on
her, as she never had any regular cabin; that on the 7th day
of December, and while the boat was still on the ways, the
mortgage sued on was executed; that Ellithorp was not
present at the execution of the mortgage; but that Brigham,
his partner, executed and acknowledged the mortgage in the
firm name of D. W. Ellithorp & Co.; that the firm was com-
posed of Ellithorp and Brigham, who were partners in busi-
ness, neither of whom then, nor ever before or after, lived
in this State; that as soon as the cabin was on the Curlew,
and she was ready for navigation, to wit, on the 27th day

of December, 1862, she was duly enrolled in the office of the surveyor and collector of customs at the port of Evansville; that she then went into the government service; was south some time, and returning, was sold at marshal's sale, under state process, at Cairo, Ill.; and Maghee became the purchaser; that he immediately had her duly enrolled at the port of Evansville, and afterwards sold her to defendant Stinson and others who wrecked her; that Stinson has since become by purchase sole owner of the wreck; that the same is within the county of Vanderburgh, and is valued at fifteen hundred dollars; and that neither Maghee nor any one of the parties purchasing from him had any notice or knowledge of the mortgage at the time they became purchasers respectively, nor until the commencement of this suit; and none of them ever looked at the records of Vanderburgh county.

The main point relied on for a reversal of the judgment of the court below is, that the mortgage was not recorded in accordance with the provisions of the act of Congress approved July 29th, 1850, 9 Stat. at Large, 440.

The first section of the act provides: "That no bill of sale, mortgage, hypothecation, or conveyance of any vessel, or part of any vessel, of the United States, shall be valid against any person other than the grantor or mortgagor, his heirs and devisees, and persons having actual notice thereof; unless such bill of sale, mortgage, hypothecation, or conveyance be recorded in the office of the collector of the customs, where such vessel is registered or enrolled: Provided, that the lien by bottomry on any vessel created during her voyage, by a loan of money or materials, necessary to repair or enable such vessel to prosecute a voyage, shall not lose its priority, or be in any way affected by the provisions of this act."

The second section provides, "that the collector of customs shall record all such bills of sale, mortgages, hypothecations, or conveyances, and all certificates for discharging and canceling any such conveyances, in a book or books to

be kept for that purpose, in the 'order of their reception; noting in said book or books, and also on the bills of sale, mortgages, hypothecations or conveyances, the time when the same was received, and shall certify on the bill of sale, mortgage, hypothecation or conveyance, or certificate of discharge or cancellation, the number of the book and page where recorded; and shall receive for recording such instrument of conveyance or certificate of discharge, fifty cents."

The appellant has assigned for error, first, the overruling his motion for a new trial; second, the foreclosure of the mortgage and the rendition of the decree for the sale of the mortgaged property.

The appellee has assigned as cross error, the overruling of his demurrer to the first paragraph of the appellant's answer. These questions are properly before us for consideration.

The substance of the first paragraph of the answer is, that at the time of making the mortgage in suit, the Curlew was a regular passenger packet navigating the Ohio river and its tributaries; that the same was subject to be, and was regularly licensed and enrolled in the office of the collector of customs for the city of Evansville; that said mortgage was never recorded in said office, in accordance with the provisions of the statute of the United States, in such cases made and provided.

We think the demurrer should have been sustained; but whether we are right or not in this view, can make no difference in the result of this case; for the finding of the facts by the court and the evidence in the case, both of which are in the record, show that the mortgage was given and recorded in the office of the recorder of Vanderburgh county (the proper one), before the vessel was licensed, registered, or enrolled by the surveyor of the port of delivery of Evansville, which, if valid under the laws of the United States, could not defeat the mortgage executed and recorded under the laws of the State, while the vessel was a mere chattel, and before it had risen to the dignity of a "vessel of the

United States" by registry and enrollment. The court committed no error against the appellant.

The judgment and decree are affirmed, with costs.

*A. Iglehart*, for appellant.

*M. R. Anthes, A. Dyer,* and *C. H. Mann,* for appellee.

