CASE 76—ACTION BY LEE BASKETT AND OTHERS AGAINST R. C. ARNOLD AND THE FARMERS' BANK AND TRUST, CO. AS TRUSTEE FOR RANKIN EASTIN TO ENFORCE A MORTGAGE LIEN ON BOAT AND BARGES.—NOV. 12.

# Arnold, &c., v. Eastin's Trustee, &c.

### · APPEAL FROM HENDERSON CIRCUIT COURT.

FROM THE JUDGMENT BASKET AND ARNOLD APPEAL AND EASTIN'S TRUS-
TEE PROSECUTES A CROSS-APPEAL. REVERSED AS TO THE TRUSTEE
AND AFFIRMED AS TO OTHERS.

· ADMIRALTY—VESSELS—BARGES—MORTGAGES — RECORD — FRAUDULENT
CONVEYANCES—BANKRUPTCY—RIGHTS OF TRUSTEE—LIENS—DE-
LIVERY OF CHATTELS—STATE COURTS—JURISDICTION—WHAT LAW
GOVERNS.

Held: 1. Where the home port of a vessel was Evansville, Ind., the recording of a mortgage thereon in the office of a county clerk in Kentucky was ineffectual to impart constructive notice thereof to creditors of the owner of the vessel, under Revised Statutes of United States, section 4141 [U. S. Comp. St., 1901, p. 2808], requiring all vessels to be registered at the nearest port to which the owner resides, and section 4192 [U. S. Comp. St., 1901, p. 2837], providing that no bill of sale or mortgage thereon shall be valid unless recorded in the office of the collector of customs where such vessel is registered.

2. Where a mortgage on a vessel was invalid as to creditors for failure to record the same in the surveyor's office of the home port as required by Revised Statutes of United States, sections 4141, 4192 [U. S. Comp. St., 1901, pp. 2808, 2837], the subsequent recording of the mortgage in such office was ineffectual as to antecedent creditors.

3. Under Revised Statutes of United States, section 3 [U. S. Comp. St., 1901, p. 4], providing that the word "vessel" includes every description of water craft or other artificial contrivance used, or capable of being used, as a means of transportation on water, barges used for the transportation of coal on an inland river were "vessels," within Revised Statutes, sections 4141, 4192 [U. S. Comp. St., 1901, pp. 2808, 2837], providing for the registration thereof, and requiring bills of sale and mortgages thereon

Arnold, &c., v. Eastin's Trustee, &c.

to be recorded in the office of the surveyor at the home port.

4. Evidence reviewed, and *held* to support a finding that a bill of sale of a vessel and barges from an insolvent to a creditor was made with intent to defraud creditors.

5. Under Bankruptcy Act July 1, 1898, chapter 541, sections 70a, 67e, 30 Statutes, 565, 564 [U. S. Comp. St., 1901, pp. 3451, 3449], providing that the property of a bankrupt shall, be vested in the trustee by operation of law from the date of the adjudication, and authorizing the trustee to attack conveyances of the bankrupt's property made within four months prior to the filing of the petition, with intent on the part of the bankrupt to defraud his creditors, where a fraudulent bill of sale executed by a bankrupt was not recorded so as to be valid against his creditors until within four months prior to his adjudication as a bankrupt, the trustee was entitled to invalidate the same, though the bill was executed more than four months prior to the filing of the bankruptcy petition.

6. Where, after the execution of a fraudulent bill of sale of certain vessels, the buyer paid various claims which were liens thereon, and after the sale had been adjudged void at the instance of the seller's trustee in bankruptcy the buyer voluntarily surrendered the vessel to the trustee, the court had no further jurisdiction to require the trustee to reimburse the buyer to the amount of the liens so paid as a condition to decreeing a delivery to the trustee.

7. A contract to furnish material for the construction of a dock, reserving a lien thereon to the seller, is not a matter of maritime jurisdiction, within the exclusive cognizance of the Federal courts.

8. Where a contract to furnish materials for the construction of a dock, reserving a lien thereon to the seller, was made in Indiana, and at that time the dock was a mere chattel within that State, the right of the seller to enforce such lien on the dock, which was subsequently placed in the Ohio river, and within the jurisdiction of the Kentucky courts, must be determined by the laws of Indiana.

9. Under Burns' Revised Statutes of Indiana, 1901, section 6638, providing that no mortgage of goods shall be valid against third persons unless recorded in the recorder's office of the county where the mortgagor resides within ten days after execution thereof, a mortgage made in Indiana, not so filed and recorded, is void as against creditors of the mortgagor.

BROWN & VANCE, ATTORNEYS FOR APPELLANT, LEE BASKETT.

PROPOSITIONS DISCUSSED.

i. A barge is not such a vessel as is required to be registered

Arnold, &c., v. Eastin's Trustee, &c.

under the maritime laws of the United States; is simply a chattel, and a mortgage given thereon should be recorded in the office of the clerk of the county court in the county in which the said barge is kept. Rev. Stats. U. S., sec. 4132.

2. A mortgage recorded in the proper office before proceedings in bankruptcy are instituted and before a creditor has acquired title to the mortgaged property is notice to the world and good against a bankrupt, his trustee or creditor. Com. v. Robinson, 96 Ky., 553.

3. An unrecorded mortgage is valid as against a bankrupt, his trustee or antecedent creditors. Rev. Stats. U. S., sec. 4192; Ky. Stats., sec. 496; Bridgford, Trustee, v. Barbour, etc., 78 Ky., 535; Todd v. Johnson, 90 Ky., 548; Bank of Commerce v. Payne, 10 Ky. Law Rep., 354; Milburn Wagon Co. v. Edwards, 7 Ky. Law Rep., 835; Tandy v. Robbins, 8 Ky. Law Rep., 265 Cyc. of Law and Procedure, vol. 4, p. 218; In re Boazman, 2 Am. Bankr. Rep., 809; Kelley v. 49 N. Y., 595; Cook v. Tullis, 18 Wall. (U. S.), 332; Ex parte Dalby, 1 Lowell (U. S.), 431; Cyc. of Law and Procedure, vol. 5, p. 342; Exchange and Deposit Bank of Owingsville v. Stone, 78 Ky., 121; Casey v. La Societe De Credit Mobilier, 2 Woods (U. S.), 77; Donaldson v. Farwell, 93 U. S., 631; Winson v. McLellan, 2 Story (U. S.), 492; Potter v. Coggeshall, 19 Fed. Cas. No. 11, 322; Lorzeas v. Porter, 7 Rep. (Pa.), 216; Baldwin v. Crow, 86 Ky., 679; Klein v. Bensent, 16 R., 349; Jones Stationery Co. v. Jeffrey, 9 R., 148.

4. Where a creditor has endeavored to obtain a fraudulent preference by joining in the conveyance of the insolvent debtor's estate, such conveyances being void, his claim should be postponed to claims of other creditors. Parker v. Wilcox, 3 R., 386.

MONTGOMERY MERRITT, ATTORNEY FOR APPELLANT ARNOLD.

### POINTS AND AUTHORITIES.

1. Acts of bankruptcy do not invalidate sales, mortgages or assignments made in good faith and for a valuable consideration, though recorded within four months of the adjudication in bankruptcy. Clark v. Hezakiah, 24 Fed. Rep., 663; Goss v. Coffin, 22 A. R., 585; Stuart v. Platt, 101 U. S., 818, L. C. ed.; Dudley v. Eastin, 104 U. S., 669; 95 U. S., 590; 14 Wal., Book 20, 800; 15 Wal., 198; Collier on Bankruptcy, 299, 312, 321, 375, 381, 408, 422; In re Wright, 96 Fed. Rep., 187; In re Adams, 97 Fed. Rep., 188; 81 Ky., 123; 86 Ky., 679; 101 Fed. Rep., 413; Bordes v. First National Bank, 178 U. S., 1177, L. C. Ed.; Bankrupt Act of 1898, secs. 67, 70.

2. Fraud. Notice. Summers v. Taylor, 80 Ky., 429; Beckett

Arnold, &c., v. Eastin's Trustee, &c.

v. Sawyers, 91 Ky., 106; Ky. Stats., sec. 1906; Edwards v. Tandy, 78 Ky., 168.

3. Liens.  9 N. E., 707, Winchester Wagon Works v. Carmen, 107 Ind.; Short v. Tinsley, 1 Met., 397; Southworth v. Casey, 78 Ky., 395, 105.

4. Judgment for use of boat and barges.  Lillard v. Whittaker, 3 Bibb., 92; Green v. Powell, 1 B., 499; 14 Bush, 658; 78 Ky., 42; Sutherland on Damages, vol. 3, sec. 114.

5. Recording.  U. S. Rev. Stats., sec. 4192; 74 U. S., 211, L. C. Ed.; 75 U. S., 473; 100 U. S., 520; 53 A. R., 436.

WILLIAM W. WATTS, ATTORNEY FOR THE TRUSTEE.

### POINTS AND AUTHORITIES.

1. Where the vendor and vendee of certain personal property were close friends; proposing to stick to each other; in constant correspondence with each other; the one the debtor, the other his creditor; the debtor insolvent; and an instrument of writing was executed purporting to be a bill of sale of a boat and barges worth $9,000 to $14,000, the consideration being $2,500 cash and $538 old debt; the vendee being a boat builder, skilled in the knowledge of the values thereof and having built some of said barges; there being no delivery of said bill of sale or said boat and barges to the vendee, the vendor remaining in possession, and there being no visible change of possession; the said bill of sale, with a policy of insurance payable to the vendor, with loss clause payable to the vendee, as his interest might appear, being placed in escrow with a third party, deliverable only on the joint order of the vendor and vendee; the said bill of sale and insurance policy, with the consent of the vendee being subsequently withdrawn from the hand of the escrowant; the loss clause on the policy which had been made payable to the vendee, as his interest might appear, being then canceled, the vendee having no further interest therein; the continued possession of said bill of sale and boat and barges by said vendor for eight months—until after his failure; his then delivery of the boat and barges to a receiver, appointed on the ground of insolvency, to take charge of certain of his property, with a statement under oath that said boat and barges belonged to him, the vendor; his subsequent delivery of the bill of sale to the vendee; with letters from the vendor to the vendee about that time, saying the vendor would "tie" to the vendee throughout the whole matter; keeping the vendee advised in all details of the attacks to be made upon the bill of sale by creditors and all details of

the business; the vendee taking possession of the boat and barges, because the receiver was not entitled to hold them under the order of his appointment; the vendee buying in the other property of the vendor, sold at the trustee's sale, the vendor then appearing in the role of manager thereof in the employment of the vendee; books and letters of the vendor disclosing a loan, if anything, instead of a sale of the boats; both vendor and vendee making contradictory statements in material matters, dodging, evading and not remembering important matters and details—with other incidental facts concerning the transaction, the allegations that a transfer was made under that bill of sale with intent to hinder, delay and defraud the creditors of the vendor, and that the facts were known to the vendee, and that he participated in the fraud, are sustained.

Whether the bankruptcy act, the statutes of Indiana, or the statutes of Kentucky are applied to such a case, the facts show such fraud as will avoid the transfer of the vendor to the vendee in favor of the trustee in bankruptcy for the benefit of creditors, and that without restitution to the vendee. 8 Am. & Eng. Ency. of Law (1st ed.), title "Fraudulent Debtors," pp. 781-4; Bump's Fraud. Con., 4th. (Gray) ed., secs. 612-614; Bankruptcy Act 1898, secs. 70a, 4, 67e, 60-a, b, 57g, 1(25) 67a, d, 1 (15) 3a, 3b, 1; Brandenburg on Bankruptcy, 3d ed. sec. 1104, and cases cited; Collier on Bankruptcy, 3d ed., 32, and cases cited; Re Nugent, 184 U. S., 1; Re David A. Sachs, Sup. Ct., advance sheets Law. Co-op. Ed., June 15, 1903; Rev. Stats. U. S., secs. 4141, 4192; White's Bank v. Smith, 7 Wall., 646; Morgan v. Parham, 16 Wall., 476; Burns' Ind. Statutes, secs. 6638, 6636, 6649; Granger v. Adams, 90 Ind., 87; Seidner v. Bible, 43 Ind., 230; State v. Griffin, 16 Ind. App. Rep., 558; Ames v. Warren, 76 Ind., 512; Geisendorff v. Eagles, 70 Ind., 414; Rose v. Collier, 76 Ind., 591; Powell v. Stickney, 80 Ind., 310 (citing Bump's Fraud. Con., 62; Kane v. Drake, 27 Ind., 29); Seavey v. Walker, 108 Ind., 78; St. Joseph, &c,. v. Wilson, 133 Ind., 465; Stinson v. Minor, 34 Ind., 89; Ky. Stats., sec. 1906; Wood v. Goff's Curator, 7 Bush, 63; Short v. Tinsley, 1 Met. (Ky.), 397; Whitaker v. Garnett, 3 Bush, 402; 1 Johnson's Chy. Rep., 478; Huffman v. Leslie, 22 Ky. Law Rep., 1982; Violett v. Violett, 2 Dana, 323; Summers v. Taylor, 80 Ky., 429; White v. Graves, 7 J. J. Mar., 527; Ky. cases under Act of 1867: Anderson's Assignee v. Anderson, 80 Ky., 638; Stark's v. Curd, 88 Ky., 164; Eversole v. Adams, 10 Bush, 83; Linthicum v. Fenley, 11 Bush, 131; Boone v. Hall, 7 Bush, 67; Northern Bank v. Cooke, 13 Bush, 340.

2. A creditor guilty of actual fraud in receiving a preference is not allowed to share in the estate till the other creditors are satisfied. White v. Graves, 7 J. J. Mar., 527.

Arnold, &c., v. Eastin's Trustee, &c.

3. Indiana statute as to sale of "goods" in fraud of creditors includes horses, cows, buildings and steamboats. St. Joseph, &c., v. Wilson, 133 Ind., 465; Stinson v. Minor, 34 Ind., 89.

4. Sales in fraud of creditors under Indiana statutes set aside: Geisendorff v. Eagles, 70 Ind., 414; Rose v. Collier, 76 Ind., 591; Powell v. Stickney, 80 Ind., 310; Kane v. Drake, 27 Ind., 29; Seavey v. Walker, 108 Ind., 78.

5. Mortgage under Indiana statutes is void as to creditors unless recorded within ten days, as required by the statute. Granger v. Adams, 90 Ind., 87; Seidner v. Bible, 43 Ind., 230; State v. Griffin, 16 Ind. App. Rep., 558; Ames v. Warren, 76 Ind., 512.

6. Sales in fraud of creditors under Kentucky statutes set aside. Ky. Stats., 1906; Wood v. Goff's Curator, 7 Bush, 63; Short v. Tinsley, 1 Met., 397; Whitaker v. Garnett, 3 Bush, 402; 1 Johnson's Chy. Rep., 478; Huffman v. Leslie, Ky. Law Rep., 1982; Violett v. Violett, 2 Dana, 323; Summers v. Taylor, 80 Ky., 429.

7. The date of the record of the instrument is the date from which the limitation of four months begins to run as to preferences and fraudulent conveyances under the bankruptcy act. But transfers void under State laws as in fraud of creditors may be attacked and set aside under those laws. Bankruptcy Act, 1898, secs. 67c, 60a, b, 57g, 1 (25), 3b (1), 67a, 67d; Collier on Bankruptcy (3d ed.), 44.

8. Statutes as to recording must be followed to the letter under section 67e, Bankruptcy Act. Chesapeake, &c., Co. v. Seldner, 122 Fed., 592.

9. The failure to record a mortgage, executed many months before, until after the debtor has gone into the hands of a receiver on the ground of insolvency when the effect of the enforcement of the instrument will be to give to the person claiming thereunder a greater percentage of his indebtedness than other creditors of the same class, is fatal to the instrument as security for the debt under the provisions of the bankrupt act, where the State laws "require" or "permit" such instruments to be recorded in order to impart notice, and it must be deemed a preference thereunder and therefore set aside. Bankrupt Act, 1898, secs. 57g, 60a and b, 67a, d, e; Pirie v. Chicago, &c., Co., 182 U. S., 438; Chesapeake, &c., Co. v. Seldner, 122 Fed., 592.

10. Tugs and barges are "vessels" within the provisions of the statutes of the United States. Sec. 3, R. S. U. S.; 1 Am. and Eng. Ency. of Law (2d ed.), 655; Disbrow v. Walsh, 36 Fed., 607.

11. Vessels of the United States must be enrolled at the home port of the owner. Bills of sale, mortgages, etc., must also be

there recorded. That port is the one nearest the residence of the owner or managing owner of the craft. Evansville is the home port for a resident of Evansville, while Louisville is the home port for a resident of Leavenworth, Indiana. Sec. 2568, R. S. U. S.; sec. 4141, R. S. U. S.; sec. 4192, R. S. U. S.; White's Bank v. Smith, 7 Wall., 646; Morgan v. Parham, 16 Wall., 476.

12. Courts will take judicial cognizance of geographical positions and distances. U. S. v. La Vengeance, 3 Dall., 297; The Appollon, 9 Wheat., 374; Peyroux v. Howard, 7 Pet., 342; Brown v. Piper, 91 U. S., 37.

13. One can not be a claimant to the ownership and a claimant to lien upon the same property at the same time in the same suit unless he shall plead alternatively, such a state of facts as makes his relationship to the property doubtful, and thereby entitle him to aid from the court to determine his relationship. In the absence of such state of facts, a party can not prosecute an appeal from a judgment dismissing his claim to title and at the same time by amended pleading set up liens against the property, and the objection to the amended pleading should have been sustained. 19 Am. & Eng. Ency. Law, 2d ed., 11; Arnold v. Delano, 4 Cush. (Mass.), 38; Lickborrow v. Mason, 6 East., 21 (note).

14. To recover rentals, demand is unnecessary in a suit to set aside a fraudulent conveyance. A lease containing a clause preserving all rights of both parties as to ownership of the property in dispute makes demand unnecessary, as such clause gives notice and constitutes the essential element of demand. But even if necessary, demand was waived by pleading and going to the proof and judgment without objection that demand was not alleged. Farmers' & Traders' Bank v. F. & D. Co., 22 Ky. Law Rep., 22.

15. The administration of a bankrupt's estate is exclusively within the jurisdiction of the bankruptcy courts. On adjudication all the bankrupt's property vests in the trustee, except that which is exempt under State laws. Re Nugent, 184 U. S., 1; Re David A. Sachs (Sup. Ct.), Advance Sheets Law Co-op., Ed. June 15, 1903; Boone v. Hall, 7 Bush, 67.

16. Where a court can not have jurisdiction over the subject-matter of the action, consent can not give jurisdiction. Brown v. McKee, 1 J. J. Mar., 472; Barton v. Barton, 80 Ky., 214; Newman's Pl. & Pr., 47-53.

17. The State court has no jurisdiction to enforce maritime liens. It has jurisdiction to try the question of title under fraudulent conveyances; and also over a mortgage upon the craft

Arnold, &c., v. Eastin's Trustee, &c.

which is a mere security for a debt. Taylor v. Carryl, 61 U. S., 583; Moran v. Sturges, 154 U. S., 258; The Glide, 167 U. S., 606; 2 Jones on Liens (2d ed.), secs. 1729-30; The John Jay, 17 How., 399; Schuchardt v. Babbage, 19 How., 239.

18. State courts have jurisdiction of suits by trustees in bankruptcy to recover property fraudulently conveyed and preferences in fraud of the act. Anderson's Assignee v. Anderson, 80 Ky., 638; Starks v. Curd, 88 Ky., 164; Eversole & McCarty v. Adams, 10 Bush, 83; Linthicum ·v. Fenley, 11 Bush, 131; Boone v. Hall, 7 Bush, 67; Northern Bank v. Cooke, 13 Bush, 340.

19. The defense of a *bona fide* purchaser for value must allege specifically the facts constituting the *bona fides*, and must make out his case in the proof. Boone v. Chiles, 10 Pet., 211.

J. E. WILLIAMSON, ATTORNEY FOR FARMERS' BANK AND TRUST CO., TRUSTEE.

1. The transfer of the property involved in this suit was contrary to subdivisions 1 and 2, section 3, of the Bankruptcy Act, which are as follows:

"Acts of bankruptcy by a person shall consist of his having (1) conveyed, transferred, concealed or removed, or permitted to be concealed or removed, any part of his property with intent to hinder, delay or defraud his creditors or any of them; or, (2) transferred while insolvent any portion of his property to one or more of his creditors, with intent to prefer such creditors over his other creditors."

The intent of the debtor is conclusively presumed from the result. Sec. 60a.

It is only necessary that the creditor shall have reasonable cause to believe that a preference was intended. Sec. 60b. "Claims which for want of ·record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate." Sec. 67a.

Liens in good faith upon a present consideration are not good unless recorded, if record thereof was necessary to impart notice. Sec. 67c.

Such record was necessary. Sec. 4192 U. S. Statutes.

Property transferred in violation of the act "remains a part of the assets, etc., of the bankrupt, and passes to the trustee." Sec. 67e.

Section 57g: "The claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences. Carson, Pirie & Co. v. Chicago Title, &c., Co., 182 U. S., 438; 45 l. ed., 1171, 21 Sup. Ct. Rep., 906.

In section 60a, it is provided: "A person shall be deemed to

have given a preference, if, being solvent, he has procured or suffered a judgment to be entered against him in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debts than any other of such creditors of the same class."

Sub-division b. provides that if the person receiving such preference, or to be benefited thereby, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person.

2. Insolvency. Sec. 1, subdiv. 15, of the Bankruptcy Act.

3. What is sufficient notice to a creditor. Toof v. Martin, 13 Wall., 40; Rice v. Melendy, 41 Ia., 399; Scammon v. Cole, 3 Clic. 472, Fed. Cas. No. 12, 432; Grant v. Bank, 97 U. S., 80; Stucky v. Bank, 108 U. S., 74; May v. Le Claire, 18 Fed., 164; Otis v. Hadley, 112 Mass., 100.

Cases cited in section 60 and 199 and succeeding pages of Black on Bankruptcy.

The bill of sale of the boat should have been recorded as required by section 4192 of the U. S. Statutes.

No bill of sale is valid under the foregoing section except as to the grantor, his heirs and devisees, and persons having actual notice unless recorded.

4. The Edgar should have been registered at Louisville instead of Evansville. U. S. Revised Statutes, sec. 441; White's Bank v. Smith, 7 Wall., 646; Morgan v. Parham, 17 Wall., 476.

5. Registration at Evansville was a nullity and was insufficient to impart notice. 20 Ency. (1st ed.), 548, 549; Astor v. Wells, 4 Wheat. (U. S.), 466; Garrison v. Haydon, 1 J. J. Marsh. (Ky.), 222; 19 Am. Dec., 70; Stewart v. McSweney, 14 Wis., 468; Bell v. Fry, 5 Dana. (Ky.), 344; Bither v. Buswell, 51 Me., 601; Cohen v. Barton (Md. 1891), 21 Atl. Rep., 63; London v. Youmans, 31 S. Car., 147; Davis v. Loftin 6 Tex., 489; Vaughn v. Bell, 9 B. Mon. (Ky.), 477; Singleton v. Young, 3 Dana (Ky.), 559; Reynolds v. Case, 60 Mich., 76; Powers v. Freeman, 2 Lans. (N. Y.), 127.

6. The transfer to Arnold is void under subdivision 2, sec. 67 of the Bankruptcy Act.

7. Notice of fraudulent intent. 14 Ency. (2d ed.), 289; Bump on Fraud. Con., sec. 183; see collection of cases on page 210, Bump; McFadden v. Ross, 126 Ind., 341.

8. Knowledge by Arnold of Eastin's intention is sufficient without former's participation. Huffman v. Leslie, 66 S. W., 822, late Ky. case; Bump, sec. 184.

9. Knowledge of facts sufficient to excite the suspicions of a prudent man, and to put him on 'inquiry. Mills v. Howeth, 19 Tex., 257, 70 Am. Dec., 331; Green v. Tantum, 19 N. J. Eq., 105, s. c., 21 N. J. Eq., 364; Jackson v. Mather 7 Cow., 301; Smith v. Henry, 2 Bailey, 118, s. c., 1 Hill, 16; Avery v. Johann, 27 Wis., 246; Hathaway v. Brown, 18 Minn., 414; Nichols v. Crittenden, 55 Geo., 497; Phillips v. Reitz, 16 Kans., 396; Burnham v. Brennan, 42 N. Y. Sup., 49; Massie v. Engart, 32 Ark., 251; State v. Eertel, 6 Mo. App., 6; Simms v. Morse, 2 Fed. Rep., 325; Stix v. Keith, 85 Ala., 465, 5 So., 184; Catchings v. Harcrow, 49 Ark., 20, 3 S. W., 884; Knower v. Cadden Clothing Co., 57 Conn., 202, 17 Atl., 580; Heaton v. Prather, 84 Ill., 330; Redhead v. Pratt, 72 Ia., 99, 33 N. W., 382; Gollober v. Martin, 33 Kans., 252, 6 Pac., 267; Biddinger v. Wiland, 67 Md., 259, 10 Atl., 202; Shaw v. Spencer, 100 Mass., 390; Kitch v. St. L. K. C. & N. Ry. Co., 69 Mo., 224; Holcombe v. Ehrmauntraut, 46 Minn., 397, 49 N. W., 191; McVeigh v. Baxter, 82 Mo., 518; Frederic v. Allgaier, 88 Mo., 598; Moore v. Williamson, 44 N. J. Eq., 496; 1 L. R. A., 336, 15 Atl., 587; Beels v. Flynn, 28 Neb., 575, 44 N. W., 732; Bollman v. Lucas, 22 Neb., 796, 36 N. W., 465; Edwards v. Ried, 39 Neb., 645, 58 N. W., 202; Blum v. Simpson, 71 Tex., 628, 9 S. W., 662; Hickman v. Trout, 83 Va., 478, S. E., 131; Batchelder v. White, 80 Va., 103; Rindskopf v. Myers, 87 Wis., 80, 57 N. W, 967; Bartles v. Gibson, 17 Fed., 597; Singer v. Jacobs, 11 Fed., 361.

10. This transaction was had at Leavenworth, Indiana. The law of that State as to means of knowledge should be consulted. Wright v. Brandis, 1 Ind., 336; Pow v. Beckner, 3 Ind., 476; Peck v. Hunter, 7 Ind., 299; see specifications following.

11. Badges of frauds. Secs. 63-65, Bump.

(1) Failure to pay taxes. Bulkley v. Buffington, 5 McLean, 457; Judge v. Vogel, 38 Mich., 569; Greenback v. Ferguson, 58 Fed., 18; Shober v. Wheeler, 113 N. C., 370, 18 S. E., 328.

(2) Inadequacy of consideration. Sec. 57, Bump; Yoder v. Standiford, 7 Mon., 478; Bowles v. Shoenberger, 2 B. Mon., 372; Trimble v. Ratcliffe, 9 B. Mon., 511; 12 B. Mon., 32; Twine's Case, 3 Rep., 80b; May on Fraud. Con., p. 87; 14 Ency. (2d ed.), 516, 517, 518; Oppenheimer v. Guckenheimer, 39 Fla., 617.

(3) Subsequent employment of Eastin by Arnold. 14 Ency., p. 516 (2d ed.).

(4) Retention of possession by Eastin. Dale v. Arnold, 2 Bibb. (Ky.), 605; Hughes v. Eastin, 4 J. J. Marsh. (Ky.), 572, 20 Am. Dec., 230; Arnold v. Com., 8 B. Mon. (Ky.), 111; Neal v. Robertson, 2 Dana (Ky.), 87; Meredith v. Sanders, 2 Bibb. (Ky.), 101; Enders v. Williams, 1 Met. (Ky.), 346; Foster v. Griggsby,

1 Bush. (Ky.)., 86; Daniel v. Morrison, 6 Dana, (Ky.), 182; Kennedy v. Covington, 4 J. J. Marsh. (Ky.), 538; Stephens v. Barnett, 7 Dana (Ky.), 257; Vanmeter v. Estill, 78 Ky., 456; Morton v. Ragan, 5 Bush (Ky.), 334; Kenton v. Ratcliff (Ky., 1899), 49 S. W. Rep., 14; Jarvis v. Davis, 14 B. Mon. Ky., 124; Waller v. Cralle, 8 B. Mon. (Ky.), 11; Brummel v. Stockton, 3 Dana (Ky.), 135; Robbins v. Oldham, 1 Duv. (Ky.), 28; Cummins v. Griggs, 2 Duv. (Ky.), 87, 87 Am. Dec., 482; Anthony v. Wade, 1 Bush. (Ky.), 110; Allen v. Johnson, 4 J. J. Marsh. (Ky.), 235; Woodrow v. Davis, 2 B. Mon. (Ky.), 298; Kendall v. Hughes, 7 B. Mon. (Ky.), 368; Wash v. Medley, 1 Dana (Ky.), 269; Van Meter v. Estill, 78 Ky., 456.

(5) Buying property for which the purchaser has no apparent use. 14 Ency., p. 516 (2d ed.); Grubbs v. Greer, 5 Coldw. (Tenn.), 160; Mobile Bank v. Harris, 6 La., 811.

12. Sufficiency of evidence. Lutkenhoff v. Lutkenhoff (Ky., 1891), 17 S. W. Rep., 863; Daniel v. Brandenby (Ky., 1891), 20 S. W. Rep., 255; Carroll v. Ward (Ky., 1894), 25 S. W. Rep., 6; Burgroff v. Bagby (Ky., 1893), 32 S. W. Rep., 940; Brandenburg v. Louisville, &c., Co. (Ky., 1896), 36 S. W. Rep., 7; Hirsch v. Norton, 115 Ind., 541; Long v. Stockwell, 55 N. H., 561.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING AS TO TRUSTEE, AND REVERSING AS TO OTHERS.

Rankin Eastin operated a coal mine near Spottsville, Ky. His property consisted of a coal mine at the above place, with a storehouse and mining equipments, with an office, coal dock, scales, etc., at Evansville, Ind., and a steamer, called the "Edgar," formerly the "Russar," and thirteen coal barges, plying between the mines and Evansville and elsewhere. There were various liens upon the property, some on the mines and other property at Spottsville, and some claimed on the boat and barges. A receiver was appointed in the Henderson Circuit Court at the instance of a lien creditor, seeking the enforcement of a mortgage upon the mines and mining equipments. Thereafter certain creditors of Eastin filed petitions in involuntary bankruptcy against him, resulting in his being adjudged a bankrupt in May of 1901. On March 28, 1900, appellant, Lee Baskett, had become the surety of Eastin to the Planters' State Bank of Henderson on a note

for $1,500.   Eastin executed a mortgage to Baskett as in-
demnity for his suretyship upon the following described prop-
erty:  "My steamer Russar and six barges; all now in Green
river, at Spottsville, Ky., warranted free from all incum-
brances."   This mortgage was acknowledged and recorded
in the clerk's office of the Henderson County Court on the
day of its execution March 28, 1900.   Eastin then lived at
Evansville, Ind.   Spottsville is in Henderson county.   The
note was subsequently part paid, and the balance renewed to
the amount of $1,000, which Baskett was compelled to pay.
He brought this suit on August 1, 1901, to enforce his mort-
gage lien upon the boat and barges.   By amendments, R. C.
Arnold was made a party defendant, and the Farmers' Bank
& Trust Company the trustee in bankruptcy for Rankin
Eastin, was also made a party defendant, under the allega-
tion that they were claiming some interest in the steamboat
and barges.

Arnold answered that he had sold the barges to Eastin up-
on the express condition that their title should remain in
him until paid for; that Eastin had not paid for the barges
on August 20, 1900, when he re-sold same to Arnold, and
also sold him the steamer Edgar, and executed a bill of sale
of that date therefor.   Arnold's bill of sale was not lodged
for record nor recorded in the customs office at Evansville un-
til the 13th day of March, 1901.   It was executed and dated
August 20, 1900.

Baskett's mortgage was recorded in the same office on the
1st day of April, 1901.   The bankruptcy proceedings were
instituted about the 6th day of April, 1901. The floating dock
at Evansville, which Eastin owned, was also claimed to be
in the lien to Arnold for some $735, because Arnold claimed
that he had furnished some of the lumber and means with
which to build the dock.

The trustee in bankruptcy intervened, and claimed that Eastin was indebted to Arnold at the time of the alleged and attempted transfer to him of the steamboat and barges in August, 1900, and that Eastin was then otherwise largely indebted, and was insolvent, and that, with the design to prefer Arnold to the exclusion of his other creditors, Eastin had transferred and conveyed the property in question, and that Arnold received the title to it with knowledge of Eastin's fraudulent purpose. The trustee claimed that on account of the above transactions, as well as of other acts of bankruptcy committed within four months of the filing of the petitions by the creditors, Eastin had become a bankrupt, had been so adjudged, and that the title to all of his property was vested in the trustee for the benefit of his creditors, and that the mortgage to Baskett and the bill of sale to Arnold, not having been lodged for record nor recorded within the time and the place prescribed by law, were void as to creditors. This suit, therefore, involves the title to the steamer Edgar and her barges, as well as the effect of appellant Baskett's mortgage upon the steamer and six of her barges, and of Arnold's lien upon the dock.

The circuit court adjudged Baskett's mortgage invalid. It also adjudged the sale to Arnold to be invalid, and decreed that Arnold deliver the boat and barges to the trustee, which was done. It also adjudged rents against Arnold for the use of the boat during the time that he had the possession of her after the appointment of the trustee in bankruptcy. But the court gave to Arnold a lien upon the dock at Evansville for the $735, and permitted, by judgment of the court, an amended pleading to be filed by Arnold, setting up the fact he had discharged liens upon the boat to the extent of about $1,200, for which she had been libeled in the United States District Court at Evansville by various claimants, as

well as to set up certain expenses for repairs and insurance upon the boat while she was in his possession. Baskett appeals from the judgment disallowing his lien. Arnold appeals from the judgment denying his title. The trustee in bankruptcy has prosecuted a cross-appeal from so much of the judgment as allowed Arnold a lien upon the dock at Evansville as well as because it allowed him anything for the maritime liens, which it is alleged he has paid to procure the release of the boat.

By the United States Constitution exclusive cognizance is conferred upon the courts of the United States in all cases of admiralty and maritime jurisdiction. U. S. Const., art. 3, section 2; The Moses Taylor v. Harmons, 4 Wall., 411, 18 L. Ed., 397; The Steamboat Ad. Hine v. Trevor, 4 Wall., 555, 18 L. Ed., 451; The Belfast, 7 Wall., 624, 19 L. Ed., 266; Glass v. The Sloop Betsey, 3 Dall. 6, 1 L. Ed., 485. This jurisdiction, though formerly questioned, has ever since the case of The Genesee Chief, 12 How., 443, 13 L. Ed., 1058, been uniformly held to include not only tide waters, but to extend to all waters connecting with other States or countries, navigable by vessels used in commerce. As an incident of the federal control and jurisdiction, Congress has enacted statutes requiring the registration of United States vessels, as follows (see Rev. St. U. S., sections 4141, 4192 [U. S. Comp. St. 1901, pp. 2808, 2837]) :

"Sec. 4141. Every vessel, except as hereinafter provided, shall be registered by the collector of that collection district, which includes the port to which such vessel shall belong at the time of her registry; which port shall be deemed to be that or nearest to which the owner, if there be but one, or if more than one, the husband or acting and managing owner of such vessel, usually resides."

"Sec. 4192. No bill of sale, mortgage, hypothecation, or

conveyance of any vessel, or part of any vessel, of the United States, shall be valid against any person other than the grantor or mortgagor, his heirs and devisees, and persons having actual notice thereof, unless such bill of sale, mortgage, hypothecation, or conveyance is recorded in the office of the collector of the customs where such vessel is registered or enrolled. The lien by bottomry on any vessel, created during her voyage by a loan of money or materials necessary to repair or enable her to prosecute a voyage, shall not, however, lose its priority, or be in any way affected by the provisions of this section."

Under the facts admitted in this case, at the time of the various transfers affected by the decree herein the home port of the Edgar was at Evansville, Ind. Consequently any bill of sale transferring her title, or any mortgage creating a lien upon her, save by way of bottomry, was of necessity recordable in the office of the collector of customs at that port before it could affect others than the parties to such transfers and those having actual notice of it. The recording of the mortgage elsewhere was as ineffectual as if it had not been recorded at all, so far as constituting it constructive notice to creditors or purchasers was concerned. Therefore the recording of Baskett's mortgage in Henderson County Court clerk's office of Kentucky did not create a lien upon the boat as against the creditors of her owner, Eastin; nor, for obvious reasons, could the recording of the mortgage in the surveyor's office on April 1, 1901, affect antecedent creditors. It is claimed for Eastin, however, that the barges were not such vessels as were within the maritime jurisdiction of the United States courts, and, as at the time they were mortgaged to appellant Baskett, they were within Henderson county, the record of the mortgage in that county (the owner being a non-resident of this State) was effectual

to create a lien thereon. Section 495, Kentucky Statutes, 1899. It was decided in the case of the General Cass, Brown, Adm., 334, that the true criterion by which to determine whether any water craft or vessel is subject to admiralty jurisdiction is the business or employment for which it is intended, or is susceptible of being used, or in which it is actually engaged, rather than its size, form, capacity, or means of propulsion.

Section 3 of the Revised Statutes of the United States (U. S. Comp. St., 1901, p. 4), in defining the word "vessel" as used in the statutes, says: "The word 'vessel' includes every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water."

In the following cases it has been held that a barge was such craft, and was included within the jurisdiction of the admiralty courts: Disbrow v. The Walsh Bros. (D. C.) 36 Fed., 607; Wood v. The Two Barges (C. C.) 46 Fed., 204; The Dick Keyes, 1 Biss., 408, Fed. Cas. No. 3,898; The City of Pittsburg (D. C.) 45 Fed., 699. Statutes requiring the registration of conveyances are for the purpose of giving notice to intending purchasers and creditors. The United States statute quoted supra has that purpose. Of such vessel moving from place to place, and through many jurisdictions, purchasers or creditors could have no other safe means of informing themselves upon these points. It could not be known with any certainty where they may have been in the course of their voyage, and, if it were competent to create a lien on them by mortgage at every point where they may have touched, inextricable confusion and opportunity for fraud would result. The federal statute is the only efficacious and practical method of dealing with the subject. The State courts can and will enforce liens upon property and rights

thereto created by federal statutes as they could if created by State statutes, unless the federal statutes confer exclusive jurisdiction therefor upon the United States courts.

What has just been said concerning the recording of Baskett's mortgage applies with equal force to appellant Arnold's bill of sale and to his contracts for liens upon the barges built by him for Eastin and not paid for. But there are other questions affecting this transaction that should be decided. The record does not state the grounds upon which the circuit court based its judgment in denying appellant Arnold's title to the boat and barges, but the record does show the following facts: The debtor Eastin was hopelessly insolvent on August 20, 1900. For a long time prior thereto he had been indebted to Arnold for balances owing and past due upon barges built by Arnold and sold to Eastin. The steamer and the barges are shown to have been worth at the time of their transfer as much as $9,000 or more. Arnold bought them, it is claimed, for $3,038.22, of which $2,500 was paid in cash when the bill of sale was executed, and the remainder by the satisfaction of an indebtedness from Arnold to Eastin of $538.22. Upon the whole record we conclude that this sale was not made bona fide; that Eastin intended to give to his creditor Arnold a preference over his other creditors, knowing at the time that he was insolvent; that at the most the $2,500 was regarded by the parties as an advancement or loan, which was to be paid to Arnold if Eastin should weather his financial storm, or otherwise Arnold was to have the boat and barges at the inadequate price of $3,038.22. The badges of fraud in law are that Arnold, the creditor, had constructive notice, if not actual knowledge, of Eastin's unlawful design to prefer Arnold to his other creditors when both knew that Eastin was insolvent and failing. This is shown both by the grossly inadequate price

paid for the boat and barges, and by the conduct of the parties in making the transfer, as well as by their subsequent conduct. The failure of the transferee, Arnold, to take possession of the property, but leaving it in the possession and control of his vendor, with apparent title and ownership; the leaving the boats and bill of sale, with insurance payable to Eastin as owner, indorsed to Arnold as his interest might appear, all in the possession and control of the vendor—show no delivery of the property. The purchase by a creditor from a failing debtor at a greatly inadequate price, which property the creditor did not need, and which he did not exercise any control over by way of using or hiring, as an ordinary business man would have done with his own, and his apparent indifference to the fact that the boats were for a time taken charge of by the State court receiver in proceedings against the debtor; that the putative purchaser failed to list the property for taxation when he gave his assessment list—all argue that the transaction was not a sale in good faith, and for a fair, adequate, consideration. His failure to testify fully and candidly, and his failure to remember most important facts material to his title, and of very recent occurrence, create a suspicion that justifies the solution of doubts against him. If we have been led into error in these conclusions, it was easily within the power of the parties most concerned to have prevented it by candidly stating all the facts connected with the transaction, which they did not do. So we find that the circuit court was justified in adjudging that nothing passed by the bill of sale to Eastin, and that the title to the boat and barges remained in him till the adjudication in bankruptcy; whereupon the trustee was vested with title to the bankrupt's property, including that transferred by him in fraud of his creditors.

Section 70a of the bankrupt law (Act July 1, 1898, c.

541, 30 Stat., 565 [U. S. Comp. St., 1901, p. 3451]) is as
follows: "The trustee of the estate of a bankrupt, upon his
appointment and qualification, and his successor or succes-
sors, if he shall have one or more, upon his or their appoint-
ment and qualification, shall in turn be vested by operation
of law with the title of the bankrupt, as of the date he was
adjudged a bankrupt, except in so far as it is to property
which is exempt from all' . . . (4) Property transferred
by him in fraud of his creditors."

Such conveyances may be attacked within four months,
under section 67e of the bankrupt law (30 Stat., 564 [U. S.
Comp. St., 1901, p. 3449]): "That all conveyances, trans-
fers, assignments, or incumbrances of his property, or any
part thereof, made or given by a person adjudged a bank-
rupt under the provisions of this act subsequent to the pass-
age, of this act and within four months prior to the filing of
the petition, with the intent and purpose on his part to hinder,
delay, or defraud his creditors, or any of them, shall be null
and void as against the creditors of such debtor, except as to
purchasers in good faith and for a present fair consideration;
and all property of the debtor conveyed, transferred, as-
signed or incumbered as aforesaid shall, if he be adjudged a
bankrupt, and the same is not exempt from execution and
liability for debts by the law of his domicile, be and remain
a part of the assets and estate of the bankrupt and shall
pass to his said trustee, whose duty it shall be to recover
and reclaim the same by legal proceedings or otherwise for
the benefit of the creditors. And all conveyances, transfers,
or incumbrances of his property made by a debtor at any
time within four months prior to the filing of the petition
against him, and while insolvent, which are held null and
void as against the creditors of such debtor by the laws of the
State, territory or district in which such property is situate,

shall be deemed null and void under this act against the creditors of such debtor, if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt."

Section 67e pertains to fraudulent transfers, without reference to a preference of creditors.

Section 60a, 30 Stat., 562 (U. S. Comp. St., 1901, p. 3445) defines a preference, and section 60b gives to a trustee the right to recover a preference when the person receiving it, or to be benefited thereby, shall have had reasonable cause to believe the transfer was intended as a preference. Those sections read as follows:

"Sec. 60a. A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class.

"(b) If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition or before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

Section 57g, 30 Stat., 560 (U. S. Comp. St., 1901, p. 3443) provides that "the claims of creditors who have received preferences, shall not be allowed unless such creditors shall surrender their preferences."

Sections 67a, 67d, 30 Stat., 564 (U. S. Comp. St., 1901, p. 3449) are directed to liens bad for want of record, fraud, or other reasons, and are as follows:

"(a) Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

"(d) Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall not be affected by this act."

Although the bill of sale was executed more than four months before the filing of the petitions in bankruptcy, the facts that it had not been recorded in the office required by statute to constitute it notice as against creditors, and that the vendor continued in the possession of the property, render the sale void as to creditors; and the registering of the bill within the four months brings the whole transaction within the purview of the legislation against acts of bankruptcy.

The facts show, as before stated, that the transfer was not only not in good faith, but that the consideration was so inadequate as to raise the presumption that the purchaser must have known of Eastin's purpose to defraud his creditors. The trustee in bankruptcy had come into the State court, and invoked its equitable jurisdiction to enable it to regain the possession of the bankrupt's property from one claimed to be not entitled to the possession. In our opinion, it would have been competent for the State court to have required the trustee, as a condition to its granting the relief sought, that the person in possession should be restored the money which he had paid out on the property to preserve it, or impose such other equitable terms as the court might have

required from any other suitor under similar circumstances.
And the court might have done this, although it was with-
in the jurisdiction of the federal court to have allowed such
relief in finally reckoning the liens and claims of creditors
in the bankruptcy proceedings. For a court of chancery
ought to do complete justice, or it should require it to be
done by a litigant claiming its aid before acting on his be-
half. In this case it is claimed that appellant Arnold paid
about $1,200 that were liens against the boat, for which she
had been libeled. These liens were superior to those of Eas-
tin's general creditors. Their discharge by Arnold was a
benefit to the bankrupt's estate to that extent. They must
have been paid by the creditors, or by the assets, to-wit,
the boat, before general creditors would have been entitled
to anything. It is but just that Arnold should be reimbursed
that sum, notwithstanding that he may not have acted in
good faith towards the creditors in other particulars, and, as
he had possession of the boat, the circuit court might have
required that he be repaid this sum before it would compel
him to deliver the boat to the trustees for the creditors.
However, Arnold, upon the announcement of the court's judg-
ment finding that he had not title to the boat, voluntarily
surrendered her to the trustee in bankruptcy. It was not
competent thereafter for the State court to undertake to
audit claims against the bankrupt estate or any of its as-
sets, and to adjudge their priorities. What it might have
required as a condition to granting its equitable relief upon
the petition of the trustee it did not do, nor does Arnold
complain on this appeal of such failure. These claims are
furthermore maritime liens, jurisdiction to enforce which is
exclusively given to the federal courts, and while, as we have
stated, the State court might have withheld its action in
favor of the trustee unless he should make Arnold whole in

this matter, it can not, after it has acted and adjudged the title to the trustee, and after Arnold has delivered the possession of the property to the trustee, and he has received it, proceed to adjudge independently upon matters that are beyond its jurisdiction.

As to the lien upon the dock at Evansville, whether or not it is a vessel, within the contemplation of the United States Statutes (The Old Natchez [D. C.] 9 Fed., 476; Cope v. Vallette Dry Dock [D. C.] 10 Fed., 142) the alleged contract for building material and means furnished to construct the dock are not matters within the maritime jurisdiction. People's Ferry Co. v. Beers, 20 How., 393, 15 L. Ed., 961; Edwards v. Elliott, 21 Wall., 532, 22 L. Ed., 487; Young v. The Ship Orpheus 2 Cliff., 29, Fed. Cas. No. 18,169. At that time the dock was but a chattel within the State of Indiana (Stinson v. Minor, 34 Ind., 89), though it appears now to be in the Ohio river, and within the jurisdiction of the courts of this State upon a proper case. The right of Arnold, under the alleged agreement for a lien upon the dock, must, however, be based upon the laws of Indiana, and not of this State, as his contract was made there while the property was within that jurisdiction. Burns' Rev. St. Ind., 1901, section 6638, provides: "No assignment of goods by way of mortgage shall be valid against any other person than the parties thereto, where such goods are not delivered to the mortgagee or assignee and retained by him, unless such assignment or mortgage shall be acknowledged as provided in case of deeds of conveyance and recorded in the recorder's office of the county where the mortgagor resides within ten days after the execution thereof."

The Indiana Supreme Court, in considering similar contracts as affecting the rights of subsequent creditors, holds that, unless a mortgage is executed and recorded in strict

accordance with the statute, it is not valid as against cred-
itors.  Granger v. Adams, 90 Ind., 87; Sidener v. Bible, 43
Ind., 230; Ames v. Warren, 76 Ind., 512, 40 Am. Rep., 258;
Lockwood v. Slevin, 26 Ind., 124.  In State v. Griffin, 16
Ind. App., 558, 45 N. E., 936, the court said:  "The Supreme
Court of this State has many times had occasion to apply
the provisions of this section, and has uniformly held that
a chattel mortgage, to be invalid as to persons not parties
thereto, must be recorded in the county in which the mort-
gagor resides, and within ten days after its execution."  In
Seavey v. Walker, 108 Ind., 78, 9 N. E., 347, it was said:
"The controlling question made at the trial was upon the na-
ture, good faith, and validity of the alleged sale and trans-
fer of the mortgaged property to Seavey and Morgan &
Beach.  .  .  .  If the bill of sale in evidence in this case
was in legal effect only a mortgage, as the circuit court may
have concluded it was, then it was void for not having been
recorded within ten days after its execution."

The trustee in bankruptcy peculiarly represents the cred-
itors of the bankrupt, the alleged mortgagor.  His claim is
essentially on their behalf, and is an attack for them upon
the claim of the specific creditor that he has a mortgage lien
upon the property.  The validity of the alleged mortgage
as to such creditors does not depend alone upon its existence
and due execution and a fair consideration.  By the express
terms of the statute, doubtless passed out of consideration
of the necessity for the protection of commercial transac-
tions made upon the faith of the debtor's apparent state of
solvency, it must be recorded in the proper office of registry,
where such creditors may be apprised of all claims or liens
upon the debtor's property, so that they may, before they
part with their goods, protect themselves, or advisedly take
the risk of the credit.  While, as between the debtor Eastin

and the creditor Arnold, the transaction regarding the dock at Evansville and the barges sold by him might be enforceable, to allow the lien as against Eastin's other creditors, especially those who gave him credit without knowledge or notice of its existence, would be at war not only with the letter, but the purpose, of the statutes. The circuit court should not, under the statutes quoted, and under the decisions of the Supreme Court of Indiana, have imposed the condition of the payment of the $735 alleged lien before adjudging the possession of the dock to the trustee.

We conclude that the judgment of the circuit court denying the lien to appellant Baskett must be affirmed, and the judgment upon the cross-appeal of the trustee, in so far as barges named in the judgment must be affirmed. But the judgment denying the title of Arnold to the steamer and it allows or directs the allowance of claims to Arnold, must be reversed. To the extent that it is reversed the cause is remanded for proceedings consistent herewith.

Petition for rehearing by appellant Arnold overruled.